Tiffany Swanson-Cooper
Brian Cooper
briancooperaz@gmail.com
tiffanylcooper33@gmail.com
480-845-7965



# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA, PHOENIX DIVISION

| | |
|---|---|
| UBER USA, LLC, A DELAWARE LIMITED LIABILITY CO., ~~UBER TECHNOLOGIES INC.~~  Plaintiff, Vs. Defendant  **BRIANCOOPER/ TIFFANY SWANSON-COOPER,**  PLAINTIFFS ATTORNEYS  Mark A. Nadeau (Bar No. AZ-011280 Cole J. Schlabach (Bar No. AZ-026364) DLA Piper LLP 2525 East Camelback Road Suite 1000 Phoenix, Arizona 85016-4232 tel: (602)-382-6000." | CASE NO.: CV-19-4955-PHX-DGC  NOTICE OF REMOVAL  THE HONORABLE |

**TO CLERK OF THE ABOVE COURT PLEASE TAKE NOTICE:**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Brian Cooper and Tiffany Swanson-Cooper (collectively, "Defendants"), hereby removes this civil action from the Superior Court of Arizona for the County of Maricopa in Phoenix where it is currently pending as Case No.CV 2019-0105022, to the United States District Court for the District of Arizona, Phoenix Division. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) on the grounds that complete diversity exists between all parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Plaintiff Uber USA LLC is a business listed with the Arizona Corporate Commissions, citizen and domiciliary of the State of California. Uber USA LLC is a Delaware limited liability company with its principal place of business in the State of California, and Defendants Tiffany Swanson-Cooper and Brian Cooper are currently residents of the State of Arizona, Maricopa County.

## GROUNDS FOR REMOVAL

**The Defendants will list the reasons for the Notice of Removal:**
**Fraudulent Joinder and and the Bad Faith-** the Defendants were Plaintiffs in Litigation and arbitration against Uber Technologies Inc. The Plaintiff and counsel stated the Defendant was dishonest by stating they had the name Uber Technologies Inc. Counsel and Uber found Defendant did in fact have the name reserved and filed an injunction, but stated Uber has been contracting under Uber USA LLC. Uber USA LLC has two managers listed who have not been with the company for two years and the only member listed is Uber Technologies Inc. who is not foreign qualified to transact in Arizona. The rule provides: "One exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined,'" in which case the court disregards that defendant and recognizes complete diversity. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2000). Fraudulent joinder exists "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according

2

to the settled rules of the state." McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

**False advertisements; injunctions and restraining orders. 15 U.S. Code § 53:** Uber and Counsel filed a false injunction when they were found to not have the name Uber Technologies Inc and have been contracting under the name. The injunction states they are contracting under Uber USA LLC just here in Arizona. The fact is the Parent Uber USA LLC has been forfeited in the state of domicile California. CPUC no longer recognizes Uber USA LLC.

**Unfair or Deceptive Acts or Practices:** Section 5(a) of the Federal Trade Commission Act (FTC Act) (15 USC §45) prohibits "unfair or deceptive acts or practices in or affecting commerce." This prohibition applies to all persons engaged in commerce, including banks. After 2 prior fraud claims with a then bank Wells Fargo, we decided to give Uber One more chance. On February 4, 2018, Uber tried to overcharge an account that never had a Uber charge on it. Once they sent the initial charge through they tried to send a second charge through which was stopped. Uber went into the app, changed the method of payment, deducted the funds, and then proceeded to backdate it in the app. Capital One sided with us immediately

**The Electronic Fund Transfer Act (EFTA) (15 U.S.C. 1693 et seq.)** This is a federal violation that Uber refuses to take ownership of. The problem is Capital One, the bank that investigated the ACH, immediately backed the Defendant and sent a letter to Uber stating they violated the bank's policy and the EFTA.

**Fraudulent misrepresentation:** Occurs when a party to a contract knowingly makes an untrue statement of fact which induces the other party to enter that contract. Fraudulent misrepresentation also occurs when the party either does not believe the truth of his or her statement of fact or is reckless as regards its truth. A claimant who has been the victim of alleged fraudulent misrepresentation can claim both rescission, which will set

3

the contract aside, and damages. Stating Uber is contracting under Uber USA LLC and not Uber Technologies Inc. There are no records, no employees, and in fact there is no record of the Greenlight Hubs having any documentation with the Secretary of State and the Arizona Corporate Commission.

**False information and hoaxes 18 U.S. Code § 1038:** Whoever engages in any conduct with intent to convey false or misleading information under circumstances where such information may reasonably be believed and where such information indicates that an activity has taken, is taking, or will take place that would constitute a violation. Filing a to have the Defendants labeled Vexatious Litigants. The problem is they were already rejected by Judge Abramson. Judge Abramson also stated that she rejected the Plaintiff's filing against Tiffany for an Injunction yet the Plaintiff states she was apart of the injunction.

**Sec. 15.02 of the Revised Model Business Corporation Act:** which provides that foreign corporation transacting business in this state without a certificate of authority may not maintain a proceeding in any court in this state until it obtains a certificate of authority." According to the California Statutes any LLC or corporation that is forfeited may not bring a claim or maintain a claim. Why then did Mr. Haimovici from California representing Uber USA LLC, travel to Arizona to represent Uber as In-House Counsel? Uber USA LLC is forfeited in California.

### The Jurisdiction is the District Court for Arizona

We will file an answer in Federal Court to ensure the Defendant's full scope of this cases legal possibilities. We have provided enough evidence, talking points and have yet been Opportunity or due process to prove our case. Provided evidence such as exhibits 1 through 3 Bacon's guidance to the arbitration and how much the defendants actually asked for. Uber and counsel state that the Defendants requested money from Mr. Haimovici, the in-house Director of Litigation. Mr. Haimovici perjured himself and may

have violated attorney client privilege. This case has multiple moving parts to confuse and to make it look as if the defendant is not capable to digest is as such that original jurisdiction lies in this Court under 28 U.S.C. § 1331 14 (civil actions arising under the Constitution, laws or treaties of the United States). Uber has been warned and fined $20 million dollars by the FTC about misrepresenting themselves and told that no one from the CEO, Director, even the vendors can misrepresent policy. A copy of this notice will be filed promptly with the Clerk of the Maricopa County Superior Court. That filing will automatically effect the removal of the subject action to this Court, in its entirety, for future proceedings pursuant to 28 U.S.C. 9 § 1446(d). See Ely Valley Mines, Inc. v. Hartford Accident & 10 Indem. Co., 644 F.2d 1310, 1315 (9th Cir. 1981). Treatment of LLCs for Diversity Jurisdiction Purposes A substantial body of case law has developed in the context of the determination of the citizenship of an LLC for diversity jurisdiction purposes, and federal courts have overwhelmingly concluded that an LLC is not "incorporated" within the meaning of the federal diversity jurisdiction statute. Federal courts that have confronted and analyzed the issue (in dozens of court of appeals decisions and hundreds of district court opinions) have been virtually unanimous in concluding that an LLC's citizenship is not determined in the same manner as a corporation's citizenship for purposes of diversity jurisdiction. A corporation is deemed to be a citizen of its state of incorporation and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1). However, based on the approach to citizenship applied by the United States Supreme Court to a limited partnership in Carden v. Arkoma Associates, 494 U.S. 185 (1990), federal courts have consistently held that an LLC has the citizenship of each of its members. See, e.g., Pramco, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51 (1st Cir. 2006); Handelsman v. Bedford Vill. Assocs, L.L.C., 213 F.3d 48 (2d Cir. 2000); Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412 (3d Cir. 2010); Gen. Tech. Applications, Inc. v. Exro Ltda, 388 F.3d 114 (4th Cir. 2004); Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5 Cir. 2008);

## REASON FOR DEFENDANTS COUNTERCLAIM

1. Abuse. 2. Acted as an Accessory. 3. Acted as an Accomplice. 4. Acted as an Advocate while depriving riders of their rights. 5. Verbal Assault. 6. Battery 7. Breach of Peace. 8. Colusions. 9. Connivances. 10. Concealments Illegally. 11. Conspiracy. 12. Deceits. 13. Defamations. 14. Defrauds. 15. Defaults. 16. Discriminations. 17. Disfranchises. 18. Duresses — Trying to force Defendant to admit to something he did not do, with threats. 19. Deprived and deceived Defendant of due-process rights. 20. Deprived Defendant of equal protection of law and rights by frauds. 21. Extortions. 22. Frauds. 23. False Representations. 24. False Pretenses. 25. Infractions unlawfully. 26. Infringements of Defendants rights. 27. Illegal intent. 28. Malfeasances. 29. Malice. 30. Malicious Prosecutions. 31. Malfeasances. 32. Misrepresentations. 33. Legal Malpractice. 34. Unlawful Motives. 35. Nonfeasance. 36. Turpitudes. Besides the violations of the statutes and rights, these attorneys have not produced one piece of evidence. All evidence that has been supplied in the plaintiff pleadings have been produced by the defense. Plaintiffs have simply taken the defenses evidence in a no certain order we filed it as if to tell a story that's different from what the defendants are stating. We have been frequently under fire by the Plaintiff, but the Plaintiffs attorney's behavior remains largely self-regulating. Lawyers are entrusted with ensuring that both their own conduct and that of their colleagues fall within the bounds of the rules of professional responsibility. Occasionally, as here, this responsibility leads lawyers to bring questionable conduct to the attention of the court and the opposing party. Plaintiffs have simply disregarded their oath and ethics throughout each of the defendant's claims. The defendants would not have to have filed litigation if the AAA done their jobs. In fact, the plaintiffs filed that the **"AAA did not do their job"** simply because they would not change the award. That is not our complaint. The defendants, who are not attorneys, nor do they have a background in law, had to learn what UPL stood for, jurisdiction, in Limine, and many other technical terms in order to stay ahead. Had attorneys represented Uber in the arbitration as Counsel consistently states, the attorney's name would be a part of the record more than once; referred to on documents, we would see their signature, there would be phone records,

and the entity that is a professional administrative entity, the AAA, would never call someone an attorney twice in one hearing that was acting as a paralegal. The Plaintiff's counsel must not have told their clients that in order to prepare documents here in the state of Arizona you must be a legal document preparer. The documents prepared may be used, but only if the supervising attorney finalizes and signs the documents. An Arizona Certified Legal Document Preparer is certified by the Arizona Supreme Court to provide services to the public without the supervision of an attorney. If a paralegal does not work under the supervision of an attorney, and is not an AZCLDP, that person is engaging in the unauthorized practice of law. Currently, Arizona is the only state that has programs to certify and monitor Certified Legal Document Preparer. The fact is Mrs. Barajas is not a certified legal document preparer, and If the supervising attorney was doing his or her job they would have signed the pleadings. that supervising attorney would have been a part of the award. In fact, DLA Piper's Cole Schlabach and Mark Nadeau only requested the award to be changed after we allowed the statute of limitations for an appeal of the arbitration to a pass. The Defendants then filed litigation pertaining to the UPL. We may be amateur Pro se litigants, but we are knowledgeable and definitely not blind to the fact that it is unheard of for an attorney to go through a complete proceeding and not sign a document. Even if he did not sign the document, at least his name and signature would be somewhere on the many documents. The plaintiffs are quick to blame the AAA for the title of attorney given to Mrs. Barajas twice as "clerical error" syndrome.

## DEFENDANT HUMBLY REQUEST

The opportunity to be heard in court. Your honor, the Defendants dropped off 2 copies of the original motion with marked evidence and Judge Abramson ruled stating she never received them. If we pull a docket for the 2 litigations filed you will see errors. This is a familiar happening as our Uber cases had procedural errors in each case and blatant Abuse of Power. For one example CV2018-096629 Brian Cooper & Tiffany Swanson-Cooper V. Uber Technologies Inc. Counsel for Uber filed a motion to dismiss but were never actually served. The case was

dismissed by Judge Talamante who then retired. There is no certificate of service and the Defendants brought it to the courts attention. This is not the first time we have had Uber and counsel get access to an evidence right after it was filed. If you look at the redacted piece of evidence we have provided, you see the case was filed at 5:03pm on July 30, 2018. On August 1, 2018 the Plaintiff (the defendant at that time) and counsel already had the documents and were talking about it with someone that has been redacted to protect their source. We humbly request sanctions for the Plaintiff $500 per false filing and statement. Also, grant us an evidentiary hearing after all the evidence we have provided. We have reached out to the managers Uber currently has listed and have yet to hear from them about a sworn statement that they are indeed managing Uber. We have left messages and simply have waited until the appropriate time to request access. This has been ongoing since last year and yet we are unable to identify any manager at Uber USA LLC.  The Defendants also want Rosemary Barajas produced along with Aaron Bergstrom. There has not even been a statement in their defense since this all started. This is all too easy to clear up and yet, Uber has failed to produce. We asked for one signed document from Aaron Bergsrtom from the AAA hearing. One document that shows they are legally able to conduct business, and finally the most important document. The document that started this all. How Uber is able to access an account they do not have permission to access, deduct funds, backdate it in the app, and then not produce it for the rightful owner of the bank account. This continues to go the direction Uber wants to steer it. If we focus on what the Defendant has consistently stated this is about a violation of the EFTA, misrepresentation, gross negligence, and many other willful torts.This is not about did we receive the ride or if we were happy about the ride. We pray that you will see this case through and allow the Defendant the chance to defend the evidence put forth. The Defendants have not asked for $5 million dollars or in fact, $5 dollars. What we have always wanted is a fair opportunity the constitution provides for us. We want a jury to hear the facts and decide, not the attorney's for

Uber who basically testified in their pleadings. We want an open court apology from Uber and Counsel, any money the juror has them forfeit is up to the juror. Forfeit their rulings as fraud on the court as they were fraudulently acquired, and an Injunction prohibiting Uber from using a name they do not have the rights too. We pray you will find these humble request in the Defendants favor.

*Tiffany Swanson-Cooper Brian S. Cooper 08/11/2019*

*I, Brian Cooper, do swear that a copy of this motion was e-filed and emailed to Cole Schlabach and Mark Nadeau at DLA Piper on 07/19/2019.*

*Tiffany Swanson-Cooper Brian S. Cooper 08/11/2019*