# EXHIBIT 1

8/12/2019                                               Civil Court Case Information - Case History

Skip To MainContent

[                    ]  [ Search ]

Civil Court Case Information - Case History

## Case Information

Case Number:    CV2019-010522        Judge:      Mroz, Rosa
File Date:       7/8/2019             Location:   Downtown
Case Type:       Civil

## Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Uber U S A, L L C | Plaintiff | | Cole Schlabach |
| Brian Cooper | Defendant | Male | Pro Per |
| Tiffany Swanson-Cooper | Defendant | Female | Pro Per |

## Case Documents

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 8/12/2019 | 023 - ME: Order Entered By Court | 8/12/2019 | |
| 8/9/2019 | NOT – Notice | 8/9/2019 | |

**NOTE:** NOTICE OF NO RESPONSE TO APPLICATION TO DECLARE BRIAN COOPER AND TIFFANY SWANSONCOOPER VEXATIOUS LITIGANTS

| 8/2/2019 | NOT – Notice | 8/5/2019 | |

**NOTE:** Notice of Court Orders

| 7/17/2019 | AFS - Affidavit Of Service | 7/23/2019 | |
| 7/17/2019 | AFS - Affidavit Of Service | 7/23/2019 | |
| 7/8/2019 | COM - Complaint | 7/9/2019 | |
| 7/8/2019 | CSH – Coversheet | 7/9/2019 | |

## Case Calendar

**There are no calendar events on file**

## Judgments

**There are no judgments on file**

JEFF FINE
Clerk of the Superior Court
By Christopher O'Neill, Deputy
Date 07/08/2019 Time 14:27:32
Description                    Amount
-------- CASE# CV2019-010522 --------
CIVIL NEW COMPLAINT             333.00
---------------------------------------
TOTAL AMOUNT                    333.00
         Receipt# 27307262

1   Mark A. Nadeau (Bar No. AZ-011280)
    mark.nadeau@dlapiper.com
2   Cole J. Schlabach (Bar No. AZ-026364)
    cole.schlabach@dlapiper.com
3   DLA PIPER LLP (US)
    2525 East Camelback Road Suite 1000
4   Phoenix, Arizona 85016-4232
    Tel: 480.606.5100
5   Fax: 480.606.5101

6   *Attorneys for Plaintiff Uber USA, LLC*

7

8              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9

10                IN AND FOR THE COUNTY OF MARICOPA

11  Uber USA, LLC, a Delaware limited        CASE NO.: CV 2019-010522
    liability company,
12                                           **APPLICATION TO DECLARE BRIAN
                   Plaintiff,                COOPER AND TIFFANY SWANSON-
13                                           COOPER VEXATIOUS LITIGANTS**

14         v.                                Assigned to Judge _____

15  Brian Cooper and Tiffany Swanson-
    Cooper,
16
                   Defendants.
17

18         Plaintiff Uber USA, LLC ("Uber USA") hereby requests the Court declare Brian

19  Cooper and Tiffany Swanson-Cooper (collectively, the "Coopers") vexatious litigants and

20  issue a vexatious litigant administrative order pursuant to Maricopa Superior Court

21  Administrative Order No. 2014-134.  This request to declare the Coopers vexatious litigants

22  is a standalone request related to multiple prior lawsuits filed by the Coopers, followed by

23  threats to file new lawsuits asserting the same underlying facts.  *See* Admin. Order No.

24  2014-134, at ¶ 3 ("If the request to declare the litigant vexatious is not related to a specific

25  case but is simply filed as a standalone request, the clerk will assign it a case number and

26  the presiding judge will assign it to a judge for consideration.").

27         This Application is supported by the following Memorandum of Points and

28  Authorities, as well as the records in multiple matters filed by the Coopers in Maricopa

DLA PIPER LLP (US)
PHOENIX

County Superior Court, including Case Numbers CV2018-096249 and CV2018-096629, which were filed against Uber USA's affiliate, Uber Technologies, Inc., as well as CV2019-001194, which involved an Injunction Against Workplace Injunction entered against Brian Cooper in favor of Uber USA.[1]

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.   Relevant Factual and Procedural History

The Coopers have demonstrated a pattern of vexatious and offensive behavior, including (1) filing multiple lawsuits against Uber Technologies, Inc. ("Uber Technologies")[2] for the purpose of harassment that have been determined to have been brought without substantial justification, with repeated filing of documents or requests for relief in both lawsuits that have been the subject of previous rulings, (2) threatening additional lawsuits asserting the same underlying facts as those previously dismissed, (3) issuing multiple groundless state bar and judicial complaints, including a complaint **against the Arizona State Bar investigating attorney** who found complaints against Uber's counsel to be without merit, and (4) efforts to extort a settlement from Uber Technologies despite the dismissal of all claims in multiple proceedings, including attempts to reserve the name of "Uber Technologies, Inc." with the Arizona Corporation Commission and threats to go to the media with false accusations. Perhaps the most deplorable fact about the Coopers' behavior is that the multiple actions they filed against Uber Technologies stem

---

[1] Uber USA also alerts the Court to CV2018-092492, which is an action filed by the Coopers in Maricopa County Superior Court, also as *pro per* litigants, against Wells Fargo, N.A. The docket in that matter reflects similar conduct and filings to the matters discussed herein.
[2] Uber Technologies' affiliate Uber USA transacts business in Arizona and is registered as a foreign Limited Liability Corporation with the Arizona Corporation Commission. As set forth below, the Coopers have chosen to name Uber Technologies as the Defendant in their frivolous lawsuits. The harm, however, extends to Uber USA, the entity transacting business in Arizona, which recently obtained an Injunction Against Workplace Harassment against Brian Cooper in Maricopa County Superior Court matter CV2019-001194 as noted above. Uber Technologies and its affiliates, including Uber USA, are collectively referred to herein as "Uber."

DLA PIPER LLP (US)
PHOENIX

1    from the rejection of their allegations that they were overcharged a mere $7.70 for an Uber

2    car ride—a claim for which the Coopers have sought millions of dollars in damages.

3          The Coopers, acting together and in their marital interest, have held themselves out

4    in Facebook postings as experienced in litigation against major companies.  They relate that

5    they act in their own self-representation and without lawyers.  In a relentless, unethical, and

6    illicit pursuit of "settlement dollars," they have repeatedly harassed persons associated with

7    Uber and made social media postings asserting false accusations against the Company.

8    Each of the Coopers' prior efforts to get money from Uber have, on the legal front, ended

9    without any finding of merit in their claims.  In this, there has been a AAA Consumer

10    Arbitration, and two follow-on lawsuits heard in Maricopa County Superior Court that have

11    been resolved against them.  In a separate action, the Maricopa Superior Court entered an

12    injunction against Brian Cooper arising out of his harassing phone calls and e-mails directed

13    at Uber employees.    Moreover, the Coopers filed complaints concerning judicial

14    misconduct as to the judges that have ruled against them, and likewise filed bar complaints

15    against in-house counsel at Uber and outside counsel in this case.  The bar complaints (in

16    California and Arizona) against the attorneys were resolved without finding any merit in

17    said complaints.  In Arizona, the lawyer for the State Bar who issued such findings was

18    immediately on the receiving end of a bar complaint for having found no merit in the

19    Coopers' complaints.

20          Following issuance of the Injunction Against Workplace Harassment against Brian

21    Cooper on March 12, 2019, the Coopers have once again resurfaced, filing a frivolous

22    Motion to Reinstate Dismissed Case in CV2018-096629 in late June.   Brian Cooper

23    similarly filed a frivolous request to set aside the workplace harassment injunction in

24    CV2019-001194. At this stage, Uber has no other options but to seek an order limiting the

25    Coopers' ability to continue to file frivolous pleadings and assert frivolous claims without

26    supervision of the Court.

27

28

DLA PIPER LLP (US)
PHOENIX

A.     **The Underlying Arbitration Proceeding Against Uber Technologies and Subsequent Threats Made by Brian Cooper.**

After initially contacting Uber multiple times in February 2018 with various demands, insults and threats to report Uber and its representatives to law enforcement—none of which were remotely justified—the Coopers initiated a consumer arbitration against Uber Technologies, demanding over $5 million.  On June 28, 2018, Arbitrator Shawn Aiken, following a AAA Consumer Arbitration, issued a ruling in favor of Uber Technologies.  Mr. Aiken's ruling found that the Coopers "suffered no loss" despite their claims they were overcharged $7.70 for an Uber ride from Mesa to Scottsdale.  *See* Arbitration Award, attached hereto as **Exhibit A**.  Mr. Aiken further determined that "the record confirms that Uber delivered exactly the service requested at the agreed-upon price." *Id.*

On or around July 2018, Brian Cooper began sending threatening emails to Uber's paralegal Rosemary Barajas—who was misidentified as an "attorney" in Mr. Aiken's arbitration award—making claims that Ms. Barajas engaged in unauthorized practice of law and other purported misconduct.  Mr. Cooper also sent threatening voice mails to Ms. Barajas and to Uber attorney Aaron Bergstrom, which is documented in correspondence from Randy Haimovici to Brian Cooper on July 20, 2018, attached hereto as **Exhibit B**.  Mr. Cooper confirmed in further threatening correspondence to Randy Haimovici on July 31, 2018 (attached hereto as **Exhibit C**), that he had made an internet posting about Ms. Barajas' alleged (and false) unauthorized practice of law, and that he had made a complaint about her to the California State Bar.  Mr. Cooper continued with further threatening communication and outlandish settlement demands in the following days.[3]  See **Exhibit D**, August 2, 2018, emails from Brian Cooper to Randall Haimovici.

---

[3] Brian Cooper is a convicted felon in the State of Arizona. *See State v. Cooper*, CR2014-158965, in the Superior Court of Arizona, Maricopa County.  His strategy as adopted by the Coopers is to harass and assert social media damage that will occur to any individual who opposes the Coopers in their efforts to extort money.  Indeed, the Coopers assert their ability to damage people through social media campaigns against them, and likewise to

DLA Piper LLP (US)
Phoenix

-4-

## B. The Coopers' First Frivolous Lawsuit Against Uber Technologies (CV2018-096249)

Following their threats, the Coopers filed their first lawsuit in Maricopa County Superior Court (CV2018-096249) against Uber Technologies on July 30, 2018. The Complaint in the first lawsuit alleged claims against Uber Technologies for "breach of contract," "UPL," "falsifying evidence," and "lying in order to obtain advantage." Although the Complaint failed to coherently explain the bases for these claims, it was apparent that each of them concerned the previous arbitration proceeding and/or the allegations made in that proceeding. Uber Technologies moved to dismiss on grounds that the complaint did not state a claim for which relief could be granted and that the allegations were subject to a prior binding arbitration. The Court agreed, awarding Uber $5,000 in attorneys' fees and finding that the Coopers' claim was brought "without substantial justification" under A.R.S. § 12-349. *See* October 1, 2018 Minute Entry in CV2018-09249.

The Coopers filed multiple frivolous and incoherent motions during the course of this first lawsuit, all of which were denied by the Court. Additionally, after the September 13, 2018, minute entry granting Uber Technologies' Motion to Dismiss, Brian Cooper emailed counsel for Uber, threatening to file multiple complaints to various agencies, and stating, "I am never going to quit until we receive justice. I am going to file with the CFPB, FTC, and we are sending out our story to the Media. This is far from over! Have a great weekend." See September 14, 2018, email from Brian Cooper. *See* **Exhibit E**, September 14, 2018, email from Brian Cooper to Cole Schlabach. Mr. Cooper sent a similar threatening email to Uber's paralegal Rosemary Barajas, concluding that communication

make complaints to licensing authorities such as bar associations. The pattern contains a circle of activity wherein the Defendants file unscrupulous and meritless cases with the courts. Contemporaneously, they file bar complaints that are dutifully processed but come to the same inescapable conclusion that the filings were without merit. This places a wholly improper load on the administrative services involved, and causes expense to individuals and ultimately Uber in defending against such unscrupulous allegations.

DLA PIPER LLP (US)
PHOENIX

1   by stating, "[t]here are some folks that are going to want to talk to you.  Good Luck."  *See*

2   **Exhibit F**, September 14, 2018, email from Brian Cooper to Rosemary Barajas.

3       Following the adverse rulings against him in his initial lawsuit, Brian Cooper

4   arbitrarily made bar complaints against Uber's counsel at DLA Piper LLP, Mark Nadeau

5   and Cole Schlabach, as well as a judicial misconduct claim against Judge Thomasson.

6   These complaints, as well as other unfounded state bar complaints against Uber in-house

7   counsel, are documented in the Coopers' own September 18, 2018, Opposition to Uber's

8   Application for Attorneys' Fees filed in CV2018-096249.   None of the complaints

9   registered by Mr. Cooper against multiple individuals associated with this litigation have

10  been found to have any merit.  In keeping with the standard and illicit tactic they have

11  undertaken, after the Arizona State Bar dismissed the complaints against Mr. Schlabach and

12  Mr. Nadeau, Mr. Cooper subsequently lodged a complaint against the investigating State

13  Bar Attorney. *See* letters attached to the Coopers' November 27, 2018, Response to Uber's

14  Motion to Dismiss in Maricopa County Superior Court filed in the second filed lawsuit,

15  CV2018-096629.

16      **C.    The Coopers File a Second Frivolous Lawsuit**

17      A day before final judgment was signed in the initial proceeding, the Coopers filed

18  a new lawsuit (CV2018-096629), also in Maricopa County Superior Court, on October 4,

19  2018, assigned to Judge David Talamante.  The lawsuit again alleged claims stemming from

20  the earlier arbitration proceeding which shared a common nucleus of facts with the previous

21  lawsuit.  Judge Talamante granted Uber Technologies' Motion to Dismiss, taking judicial

22  notice of the prior lawsuit and finding that the "Plaintiffs proceed and argue their positions

23  with a fundamental misunderstanding of the law and its application to their allegations."

24  *See* December 7, 2018, Minute Entry in CV2018-096629.  Judge Talamante awarded Uber

25  Technologies its attorneys' fees, finding the claims were frivolous. *See* January 7, 2019,

26  Minute Entry CV2018-096629.

27      The second lawsuit was again punctuated by multiple meritless filings made by the

28  Coopers, many of which were filed after dismissal of the proceeding, and all of which were

DLA Piper LLP (US)
Phoenix

1    denied by Judge Talamante.  Once again, consistent with their pattern, the Coopers filed a

2    Judicial Complaint against Judge Talamante for ruling against them.  The Coopers also

3    made a late filing in this proceeding January 31, 2019, continuing to raise incoherent and

4    bizarre requests for relief, all of which amounted to nuisance, and which contained personal

5    attacks on counsel and irrelevant allegations that are, unfortunately, typical Coopers'

6    filings.  *See* Document titled "Personal Jurisdiction Never Established; Defense Interfered

7    with Process of Service; Abuse of Power" filed by the Coopers January 31, 2019 in

8    CV2018-096629 (closing with the following: "Uber and their counsel will seek to maintain

9    the dismissal, but Mr. Schlabach knows he violates his ethics if he denies not having

10    knowledge of Ubers [sic] failures.").  This motion was denied pursuant to the Court's

11    February 5, 2019 minute entry, which found that "the record in this matter supports Judge

12    Talamante's previous rulings."  Unfortunately, the Coopers have filed *yet another* frivolous

13    motion—a Motion to Reinstate Dismissed Case filed June 24, 2019.  This latest filing,

14    coupled with Brian Cooper's frivolous request to undo the Injunction Against Workplace

15    Harassment obtained by Uber and continued attempts to reserve the Uber Technologies

16    name with the Arizona Corporation Commission, all as discussed below, have caused the

17    filing of this Motion.

18         **D.    The Coopers Improperly Seek to Register Uber Technologies' Name**

19         As part of an apparent litigation strategy in his second lawsuit against Uber

20    Technologies, Brian Cooper attempted to register the name "Uber Technologies, Inc." with

21    the Arizona Corporation Commission.  *See* **Exhibit G**, October. 31, 2018, email from Brian

22    Cooper to Cole Schlabach.  Brian Cooper's claim to have any rights to the name "Uber

23    Technologies, Inc." were false.  The Arizona Corporation Commission confirmed Mr.

24    Cooper made an apparent attempt to reserve the name "Uber Technologies, Inc.," but his

25    application was rejected December 14, 2018.

26         Brian Cooper's failed attempt to register Uber Technologies' name was related to a

27    false narrative he alleged in his second lawsuit that Uber was operating illegally in

28    Arizona—an allegation that was fundamentally meritless because Uber USA is the "Uber"

1   entity responsible for conducting business in Arizona, and it was and is properly registered

2   with the Arizona Corporation Commission.  Uber Technologies has not been involved in

3   regular business within the state of Arizona such as would require a grant of authority with

4   the Arizona Corporation Commission for transacting business as a foreign corporation

5   pursuant to A.R.S. § 10-1501 *et al.*

6         Brian Cooper's attempts to reserve the Uber Technologies, Inc. name had no

7   legitimate purpose other than to advance his false narrative and to extort a settlement

8   payment from Uber Technologies. *See, e.g.* Ex. G.  Although the efforts were rejected by

9   the Corporation Commission, the Coopers essentially tried to "squat" on the name in an

10  effort to cause confusion and to try to exert some type of leverage over Uber, in violation

11  of federally registered trademarks. *See* **Exhibit H**, Registration of core UBER word mark

12  registered June 2011, (Reg. No. 3977893).  Ultimately, the efforts amounted to harassment,

13  and like the frivolous lawsuits he filed, have cost Uber thousands of dollars in legal fees.

14        With illegal purpose, Brian Cooper appears to have made another attempt to register

15  the name "Uber Technologies, Inc." with the Arizona Corporation Commission as of May

16  17, 2019.  *See* **Exhibit I**, Arizona Corporation Commission Search, dated July 1, 2019.

17  This latest effort to reserve the Uber Technologies name has no apparent legitimate purpose.

18  The effect of the name registration does not provide Brian Cooper with any authorization

19  to operate as Uber Technologies, and merely allows him to squat on the name for 120 days.

20  *See* Arizona Corporation Commission, Name Reservations, *available at*

21  https://azcc.gov/corporations/name-reservations.  The name reservation is further evidence

22  that the Coopers intend to continue to harass Uber and to assert their illegitimate claims

23  about purported "ownership" of Uber Technologies and/or its name.

24        E.    **The Coopers Continue to Harass Uber With Threats of Future Litigation**

25        Still, after two dismissals and judgments for attorneys' fees granted in favor of Uber

26  Technologies, the Coopers persist in threatening future litigation.  As recently as January

27  26, 2019, Brian Cooper contacted Uber and their outside counsel to threaten further

28  litigation and to reassert a purported claim to the name "Uber Technologies, Inc."  Mr.

DLA PIPER LLP (US)
PHOENIX

-8-

Cooper's email to Uber's outside counsel Cole Schlabach sent January 26, 2019 (attached as **Exhibit J**), states as follows:

> I hope this ruins your day. On Tuesday I am filing for an injunction for Uber illegally transacting in the state of Arizona. I have a list of 32 investigative reporters we have made contact with and have the pull to take our story to a huge audience. We are planning a social media blitz in order to wake you and your client up. You acted more than unethical, you violated the law. Laugh it off, but the persistent always win. we sent just a few pieces of evidence to Uber including a digital scan for the authentic digital signature of our documents. Have a good day Mr. Schlabach.

Mr. Cooper sent a similar email to Uber's legal department the same day (attached as **Exhibit K**), and also left a voice message from "Brian and Tiffany Cooper," reasserting his threat of a pending lawsuit and stating "We do currently have the name Uber Technologies, Inc."

The threats made by the Coopers to persist in filing lawsuit after lawsuit alleging the same false allegations, without a doubt causes Uber aggravation, and, frankly, alarm, which is why Uber USA also sought and obtained an Injunction Against Workplace Harassment against Brian Cooper, which was confirmed following an evidentiary hearing March 12, 2019. As set forth above, the communications from The Coopers and their actions taken incidental to litigation—including meritless bar and judiciary complaints, "squatting" on the trademarked names at the Arizona Corporation Commission, and threats of a "social media blitz"—have simply continued despite defeat and judicial opinions concluding such claims were and are without merit. Brian Cooper has filed a request to set the injunction aside in the form of a Motion for Relief Under Rule 60 dated June 19, 2019, which contains further unwarranted requests for sanctions against Uber and its counsel and continues the pattern of vitriolic, frivolous filings with the Court.

## 2.    Legal Basis for Declaring the Coopers Vexatious Litigants

Uber is entitled to relief from the Coopers' continued re-filing of dismissed claims, excessive motion practice, unreasonable requests and other conduct related to their ongoing frivolous litigation. This Court has the authority, pursuant to A.R.S. § 12-3201, to declare pro se litigants vexatious litigants at the request of a party or the court's own motion, "if the

1  court finds the pro se litigant engaged in vexatious conduct." The statute (at A.R.S. § 12-

2  3201(E)) provides that "'Vexatious conduct' includes the following actions:

3    (a) Repeated filing of court actions solely or primarily for the purpose of

4    harassment.

5    (b) Unreasonably expanding or delaying court proceedings.

6    (c) Court actions brought or defended without substantial justification.

7    (d) Engaging in abuse of discovery or conduct in discovery that has resulted in the

8    imposition of sanctions against the pro se litigant.

9    (e) A pattern of making unreasonable, repetitive and excessive requests for

10    information.

11    (f) Repeated filing of documents or requests for relief that have been the subject of

12    previous rulings by the court in the same litigation.

13  Recognizing that Arizona courts have "inherent authority to curtail a vexatious litigant's

14  ability to initiate additional lawsuits," the Arizona Court of Appeals has recognized the need

15  to restrict further misconduct from such individuals. *Madison v. Groseth*, 230 Ariz. 8, 14,

16  279 P.3d 633, 639 (App. 2012) (citing *De Long v. Hennessy,* 912 F.2d 1144 (9th Cir. 1990).

17  The *Madison* Court further recognized that

18
19
20
21
> a court can derive guidance from considering the following factors: (1) the litigant's history of litigation and the nature of prior lawsuits, (2) the litigant's motive in filing new lawsuits, (3) whether the litigant is represented by counsel, (4) whether the litigant has caused needless expense to others or unduly burdened the court, and (5) whether different sanctions would adequately protect other parties and the court.

22  *Id.* at 14, 279 P.3d at 639 n.9. Specific findings that a litigant has "filed frivolous lawsuits

23  or engaged in a pattern of harassment that would justify future restrictions on access to the

24  court" should be made by the trial court. *Id.* at 15, 279 P.3d at 640.

25    The indisputable evidence from hearings, orders, and judgments that are already

26  within the record of the Maricopa County Superior Court, including this Motion and the

27  records of the Coopers' filings in CV2018-096249 and CV2018-096629, provide the factual

28  basis and record required for a finding that the Coopers are vexatious litigants. It is without

DLA PIPER LLP (US)
PHOENIX

-10-

1  question that the Coopers have filed multiple frivolous lawsuits and have engaged in a

2  pattern of harassment justifying restrictions on further filings.

3        **Frivolous Lawsuits.**   The Coopers' two lawsuits brought against Uber

4  Technologies, following a loss at binding arbitration, have already both been determined to

5  be frivolous. On October 1, 2018, Judge Thomason awarded Uber Technologies $5,000 in

6  attorneys' fees and $237.57 in costs in CV2018-096249, specifically finding that the matter

7  was brought "without substantial justification" pursuant to A.R.S. § 12-349.   Similarly,

8  Judge Talamante awarded Uber its attorneys' costs and fees in a minute entry dated January

9  4, 2019, "finding that Plaintiffs' claims are frivolous," and citing A.R.S. § 12-349.

10        Aside from Judge Talamante's specific recognition that the second lawsuit filed by

11  the Coopers was frivolous, the award of fees pursuant to A.R.S. § 12-349 in both cases

12  conclusively establishes the frivolous nature of the lawsuits. Fees under section 12-349 can

13  be awarded when a claim is brought "without substantial justification," which "means that

14  the claim or defense is groundless and is not made in good faith."   *Id.* § 12-349(f).

15  "'Groundless' and 'frivolous' are equivalent terms, and a claim is frivolous if the proponent

16  can present no rational argument based upon the evidence or law in support of that claim."

17  *Rogone v. Correia*, 236 Ariz. 43, 50, 335 P.3d 1122, 1129 (2014) (internal quotation

18  omitted) (upholding award of fees under section 12-349); *see also* A.R.S. § 12-3201(E)(2)

19  ("'Without substantial justification' [as stated in the elements for vexatious conduct] has

20  the same meaning prescribed in section 12-349.").

21        Further, both lawsuits were punctuated with multiple groundless and incoherent

22  requests for relief, which were summarily denied by the Court. Attached as **Exhibit L** are

23  highlighted docket listings for both lawsuits, with a list of each frivolous filing made by Mr.

24  Cooper. Evident from this exhibit, which does not flag the Coopers' initial Complaint and

25  permitted responses to Uber's Motions, is that the Coopers filed over twenty unnecessary

26  documents in Superior Court in their frivolous actions against Uber.[4]

27  _____

28  [4] The Court should similarly take judicial notice of the docket entries in the Coopers' lawsuit
against Wells Fargo NA (CV2018-09492), which is discussed above. *See supra* fn. 1.

DLA PIPER LLP (US)
PHOENIX

**Pattern of Harassment.** There is ample basis to find that the Coopers engaged in a pattern of harassment with respect to their lawsuits against Uber Technologies, and continue to do so now. Aside from sending harassing communication and bringing claims that were utterly meritless—twice, on the same underlying facts—the Coopers engaged in behavior that would have warranted sanctions had they been members of the State Bar.

Amongst the egregious acts by the Coopers were the multiple groundless State Bar and Judiciary Complaints filed against Uber's employees, outside counsel, State Bar attorneys and Judges of this Court. Initially, the Coopers sought leverage in their dispute with Uber by falsely reporting Uber's paralegal and in-house counsel to multiple state bar agencies. When this failed, and the Coopers lost their first lawsuit, they filed complaints against Uber's outside counsel (including the undersigned), Judge Thomason, and the investigating state bar attorney who determined there was no merit to the complaints against outside counsel. A similar meritless complaint was filed against Judge Talamante following the Coopers' second lawsuit. *See* Document titled "Procedural Failure to Rule on Motions in a Timely Manner, Disqualification of Judge Talamante," filed by Brian Cooper and Tiffany Swanson-Cooper December 28, 2018, in CV2018-96629 (stating, among other things: "Judge Talamante you have failed the Plaintiff throughout this process deliberately violating litigant's personal liberties and/or wantonly refused to allow Due Process and Equal Protection to litigants before the court.").

In short, it appears that anyone getting in the Coopers' way will be subject to a meritless complaint. This is unfair, an abuse of the system, and a waste of resources. It is also the type of personal attack that courts in this state abhor.

Further evidence of the Coopers' pattern of harassment stems from their attempts to reserve the name "Uber Technologies, Inc." and to leverage their purported (and demonstrably) false "ownership" of the name in order to leverage a payout. This is the type

---

These entries are further evidence of a pattern of making unnecessary and frivolous filings before the Court in the Coopers' *pro se* litigation.

1  of unacceptable behavior that would doubtlessly lead to a licensed attorney being
2  disciplined.  It is also a clear abuse of process.

3      Lastly, persistent threats to go to the media and to file additional groundless lawsuits
4  further demonstrate the pattern of harassment that justifies reducing the Coopers' unfettered
5  access to Arizona state courts.  It is apparent that they have abused and will continue abusing
6  the legal system.  This is clearly not what the court systems are for, and this type of abuse
7  simply taxes the court's resources and costs civil litigants significant money in defending
8  meritless claims.

9      **3.    Conclusion**

10     While the legal system must ensure access to courts is not inappropriately deprived,
11  measures must be taken to similarly ensure that litigants do not repeatedly abuse the system,
12  harass opponents and the judiciary, and tax court and party resources with frivolous filings.
13  There is ample evidence to support a finding that the Coopers are vexatious litigants as
14  defined by statute.

15     Accordingly, to mitigate the Coopers' continued abuses, Uber USA respectfully
16  requests that this Court hold any hearings necessary to ascertain findings of fact sufficient
17  to declare the Coopers' vexatious litigants and to issue a minute entry order to the Presiding
18  Judge for consideration of whether to issue a vexatious litigant administrative order
19  pursuant to Maricopa Superior Court Administrative Order No. 2014-134.

20     Uber USA further requests an administrative order from the Presiding Judge
21  precluding Brian Cooper and Tiffany Swanson-Cooper from filing any further lawsuits in
22  Arizona without legal counsel and/or approval from the respective presiding judge.
23  Additionally, as a sanction, Uber USA seeks an award of its attorneys' fees and costs in this
24  cause.

25
26
27
28

DLA PIPER LLP (US)
PHOENIX

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated: July 8, 2019

**DLA PIPER LLP (US)**


By: _____

Mark A. Nadeau
mark.nadeau@dlapiper.com
Cole J. Schlabach
cole.schlabach@dlapiper.com
2525 East Camelback Road Suite 1000
Phoenix, Arizona 85016-4232
Telephone:     480.606.5100
Facsimile:     480.606.5101

*Attorneys for Defendant Uber
Technologies, Inc.*

DLA PIPER LLP (US)
PHOENIX

-14-

# CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2019, a true and correct copy of Motion to Declare Brian Cooper and Tiffany Swanson-Cooper Vexatious Litigants was filed with the clerk of the Court.   A copy of this Motion will be served personally on the following:

Brian Cooper
Tiffany Swanson-Cooper
825 S. Dobson Road, #248
Mesa, AZ  85202
briancooperaz@gmail.com
tiffanylcooper33@gmail.com



DLA PIPER LLP (US)
PHOENIX

**In the Superior Court of the State of Arizona**

**In and For the County of**    Maricopa

# CV2019-010522

**CIVIL COVER SHEET- NEW FILING ONLY**
(Please Type or Print)

Plaintiff's Attorney   Mark A. Nadeau/Cole J. Schlabach

Attorney Bar Number   011280 / 026264

Is Interpreter Needed? ☐ Yes  ☒ No

If yes, what language(s): _____

CLERK OF THE
SUPERIOR COURT
FILED
C. O'NEILL, DEP

19 JUL -8  PM 2: 28

---

Plaintiff's Name(s):  (List all)      Plaintiff's Address:           Phone #:        Email Address:
Uber USA, LLC

(List additional Plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s):  (List All)
Brian Cooper

Tiffany Swanson-Cooper

(List additional Defendants on page two and/or attach a separate sheet)

---

## RULE 26.2 DISCOVERY TIER OR MONETARY RELIEF CLAIMED:

**IMPORTANT: Any case category that has an asterisk (*) MUST have a dollar amount claimed or Tier selected.** State the monetary amount in controversy or place an "X" next to the discovery tier to which the pleadings allege the case would belong under Rule 26.2.

☒ Amount Claimed $ Nonmonetary rel.        ☐ Tier 1     ☐ Tier 2     ☐ Tier 3

## NATURE OF ACTION

Place an "X" next to the **one** case category that most accurately describes your primary case. Any case category that has an asterisk (*) MUST have a dollar amount claimed or Tier selected as indicated above.

**100 TORT MOTOR VEHICLE:**

☐ 101 Non-Death/Personal Injury*

☐ 102 Property Damage*
☐ 103 Wrongful Death*

Case No._____

## 110 TORT NON-MOTOR VEHICLE:

- ☐ 111 Negligence*
- ☐ 112 Product Liability – Asbestos*
- ☐ 112 Product Liability – Tobacco*
- ☐ 112 Product Liability – Toxic/Other*
- ☐ 113 Intentional Tort*
- ☐ 114 Property Damage*
- ☐ 115 Legal Malpractice*
- ☐ 115 Malpractice – Other professional*
- ☐ 117 Premises Liability*
- ☐ 118 Slander/Libel/Defamation*
- ☐ 116 Other (Specify) _____*

## 120 MEDICAL MALPRACTICE:

- ☐ 121 Physician M.D.*    ☐ 123 Hospital*
- ☐ 122 Physician D.O*     ☐ 124 Other*

## 130 & 197 CONTRACTS:

- ☐ 131 Account (Open or Stated)*
- ☐ 132 Promissory Note*
- ☐ 133 Foreclosure*
- ☐ 138 Buyer-Plaintiff*
- ☐ 139 Fraud*
- ☐ 134 Other Contract (i.e. Breach of Contract)*
- ☐ 135 Excess Proceeds-Sale*
- ☐ Construction Defects (Residential/Commercial)*
  - ☐ 136 Six to Nineteen Structures*
  - ☐ 137 Twenty or More Structures*
- ☐ 197 Credit Card Debt (Maricopa County Only)*

## 150-199 OTHER CIVIL CASE TYPES:

- ☐ 156 Eminent Domain/Condemnation*
- ☐ 151 Eviction Actions (Forcible and Special Detainers)*
- ☐ 152 Change of Name
- ☐ 153 Transcript of Judgment
- ☐ 154 Foreign Judgment

- ☐ 158 Quiet Title*
- ☐ 160 Forfeiture*
- ☐ 175 Election Challenge
- ☐ 179 NCC-Employer Sanction Action (A.R.S. §23-212)
- ☐ 180 Injunction against Workplace Harassment
- ☐ 181 Injunction against Harassment
- ☐ 182 Civil Penalty
- ☐ 186 Water Rights (Not General Stream Adjudication)*
- ☐ 187 Real Property *
- ☐ Special Action against Lower Courts
  (See Lower Court Appeal cover sheet in Maricopa)
- ☐ 194 Immigration Enforcement Challenge
  (A.R.S. §§1-501, 1-502, 11-1051)

## 150-199 UNCLASSIFIED CIVIL:

- ☐ Administrative Review
  (See Lower Court Appeal cover sheet in Maricopa)
- ☐ 150 Tax Appeal
  (All other tax matters must be filed in the AZ Tax Court)
- ☐ 155 Declaratory Judgment
- ☐ 157 Habeas Corpus
- ☐ 184 Landlord Tenant Dispute – Other*
- ☐ 190 Declaration of Factual Innocence (A.R.S. §12-771)
- ☐ 191 Declaration of Factual Improper Party Status
- ☐ 193 Vulnerable Adult (A.R.S. §46-451)*
- ☐ 165 Tribal Judgment
- ☐ 167 Structured Settlement (A.R.S. §12-2901)
- ☐ 169 Attorney Conservatorships (State Bar)
- ☐ 170 Unauthorized Practice of Law (State Bar)
- ☐ 171 Out-of-State Deposition for Foreign Jurisdiction
- ☐ 172 Secure Attendance of Prisoner
- ☐ 173 Assurance of Discontinuance
- ☐ 174 In-State Deposition for Foreign Jurisdiction
- ☐ 176 Eminent Domain– Light Rail Only*
- ☐ 177 Interpleader– Automobile Only*
- ☐ 178 Delayed Birth Certificate (A.R.S. §36-333.03)
- ☐ 183 Employment Dispute- Discrimination*

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

CV10f - 010119

Case No._____

☐ 185 Employment Dispute-Other*

☐ 196 Verified Rule 45.2 Petition

☐ 195(a) Amendment of Marriage License

☐ 195(b) Amendment of Birth Certificate

☒ 163 Other*

Request to Declare Litigant Vexatious

(Specify)

## EMERGENCY ORDER SOUGHT

☐ Temporary Restraining Order     ☐ Provisional Remedy     ☐ OSC     ☐ Election Challenge

☐ Employer Sanction     ☐ Other (Specify) _____

## COMMERCIAL COURT (Maricopa County Only)

☐ This case is eligible for the Commercial Court under Rule 8.1, and Plaintiff requests assignment of this case to the Commercial Court. More information on the Commercial Court, including the most recent forms, are available on the Court's website at:

https://www.superiorcourt.maricopa.gov/commercial-court/.

**Additional Plaintiff(s):**

_____

_____

**Additional Defendant(s):**

_____

_____

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

CV10f - 010119

**ADVANCE** Courier Services, LLC
PO Box 25331, Scottsdale, AZ 85255

CLERK OF THE
SUPERIOR COURT
FILED
P. HERNANDEZ, DEP

## CERTIFICATE OF SERVICE

19 JUL 17 PM 12: 50
**CV2019-010522**

**SUPERIOR COURT OF ARIZONA IN MARICOPA COUNTY**

Name of Court
Case Number

**UBER USA, LLC**                                    **BRIAN COOPER and TIFFANY SWANSON-COOPER**

Name of Petitioner/Plaintiff
Name of Defendant/Respondent

I, SALIM MANGOLI, the undersigned, certify under penalty of perjury that I am fully qualified, pursuant to R.C.P. 4(e).45(b), and/or A.R.S. 13-4072, to serve process in this case. I received for service the following document(s) in this action from:

MARK A. NADEAU, SBN 011280 (mark.nadeau@dlapiper.com);
COLE J. SCHLABACH, SBN 026364 (cole.schlabach@dlapiper.com)
DLA Piper LLP (US), 2525 E. Camelback Rd., Ste. 1000, Phoenix, AZ 85016 (480) 606-5100

**1) APPLICATION TO DECLARE BRIAN COOPER AND TIFFANY SWANSON-COOPER VEXATIOUS LITIGANTS; 2) CIVIL COVER SHEET.**

| I served: | **BRIAN COOPER** | on: | **07.08.19** |
|---|---|---|---|
| | Person or entity served | | Date |

| service attempts | **07.08.19 at 6:43 p.m. Served documents on Brian Cooper.** |
|---|---|
| | Date/Time |

| DESCRIPTION: | Approximate Age | Sex | Approximate Race/Ethnicity | Approximate Height | Approximate Weight | Approximate Hair color | Beard | Glasses |
|---|---|---|---|---|---|---|---|---|
| | **36** | **M** | **CAUCASIAN** | **5'10"** | **180** | **CLOSE-CROPPED** | **-** | **-** |

**PLACE:**

☐ Business:

☒ Residence: **825 S. DOBSON RD., #248, MESA, AZ 85202**

**MANNER OF SERVICE**

☒ PERSONAL   (Personally delivering copies to the person being served)

☐ SUBSTITUTED AT RESIDENCE   (Serving copies at the dwelling house or usual place of abode of the person being served)

☐ SUBSTITUTED AT BUSINESS   (Leaving copies at the office for the person being served with a person apparently in charge)

☐ NON-SERVICE   After due search, careful inquiry and diligent attempts at the address(es) above, I have been unable to effect process upon the person/entity being served because of the following reasons:

☐ Unknown at address   ☐ Moved, no forwarding   ☐ Service canceled   ☐ Address does not exist

☒ Service fee: **$58.20**

_Salim Mangoli_
Affiant

**7/16/19**
Date

The above is covered by A.R.S. as amended 41-413 and 11-45 and rules 4, 5, 46 and 30(l).

**ADVANCE** Courier Services, LLC
PO Box 25331, Scottsdale, AZ 85255

CLERK OF THE
SUPERIOR COURT
FILED
P. HERNANDEZ, DEP

'19 JUL 17 PM 12: 50

## CERTIFICATE OF SERVICE

**SUPERIOR COURT OF ARIZONA IN MARICOPA COUNTY**

Name of Court

**CV2019-010522**

Case Number

**UBER USA, LLC**

Name of Petitioner/Plaintiff

**BRIAN COOPER and TIFFANY SWANSON-COOPER**

Name of Defendant/Respondent

I, SALIM MANGOLI, the undersigned, certify under penalty of perjury that I am fully qualified, pursuant to R.C.P. 4(e).45(b), and/or A.R.S. 13-4072, to serve process in this case. I received for service the following document(s) in this action from:

MARK A. NADEAU, SBN 011280 (mark.nadeau@dlapiper.com);
COLE J. SCHLABACH, SBN 026364 (cole.schlabach@dlapiper.com)
DLA Piper LLP (US), 2525 E. Camelback Rd., Ste. 1000, Phoenix, AZ 85016 (480) 606-5100

**1) APPLICATION TO DECLARE BRIAN COOPER AND TIFFANY SWANSON-COOPER VEXATIOUS LITIGANTS; 2) CIVIL COVER SHEET.**

| I served: | **TIFFANY SWANSON-COOPER** | on: | **07.08.19** |
| | Person or entity served | | Date |

| service attempts | **07.08.19 at 6:43 p.m. Served documents on Tiffany Swanson-Cooper.** |
| | Date/Time |

DESCRIPTION:

| Approximate Age | Sex | Approximate Race/Ethnicity | Approximate Height | Approximate Weight | Approximate Hair color | Beard | Glasses |
|---|---|---|---|---|---|---|---|
| **36** | **F** | **CAUCASIAN** | **5'4"** | **165** | **BLONDE/BROWN** | **-** | **-** |

## PLACE:

- [ ] Business: _____
- [X] Residence: **825 S. DOBSON RD., #248, MESA, AZ 85202**

## MANNER OF SERVICE

- [X] PERSONAL    (Personally delivering copies to the person being served)
- [ ] SUBSTITUTED AT RESIDENCE    (Serving copies at the dwelling house or usual place of abode of the person being served)
- [ ] SUBSTITUTED AT BUSINESS    (Leaving copies at the office for the person being served with a person apparently in charge)
- [ ] NON-SERVICE    After due search, careful inquiry and diligent attempts at the address(es) above, I have been unable to effect process upon the person/entity being served because of the following reasons:

- [ ] Unknown at address   - [ ] Moved, no forwarding   - [ ] Service canceled   - [ ] Address does not exist

- [X] Service fee:   **$58.20**

_Salim Mangoli_
Affiant

7/16/19
Date

The above is covered by A.R.S. as amended 41-413 and 11-45 and rules 4, 5, 46 and 30(I).

# EXHIBIT 2

## **Exhibit AA... An Overview into the Uber Fiasco**

Here is a simple example of what happened February 4th 2018 to the Coopers. That evening the Coopers took Uber to Talking Stick Resort. The Upfront cost was $11.79 which was pre-authorized and held buy PayPal. after the ride to Talking Stick another charge was sent to the same PayPal account of $19.49. This transaction was halted as security to plaintiff's account prevented this charge from going through. As it was the weekend, and Uber has no customer service phone lines we thought it better to take care of it on Monday. The Cooper's sent an email on Monday, Tuesday, and a second email on Tuesday to which Mr. Cooper was clearly upset, but at no time did he use curse words. Abbreviations yes, but not the actual word. We had every right to be upset as anybody should being the third time of having fraud. Never, out of any of the rides that the Coopers had previously taken, over a thousand, had Uber ever gone onto the app, change the method of payment, deducted funds from an account they did not have authorization to deduct from, backdated in the app to match the day of the ride, and act as if nothing happened. Now here's our main issue. The Coopers took a ride for $11.79, $19.49 was to be deducted, but Uber never pre-authorized nor did they have permission. The question is Uber USA LLC is a manager-managed LLC. the managers listed Karen Walker and Guanam Gupta have not been at the company for over two years. These two managers are currently listed on Uber USA LLC initial filing. There has never been anything filed besides their initial registration. Uber did not change management structure nor appoint new managers. The one member is Uber Technologies Inc. This Corporation is not qualified or recognized to transact business in the state of Arizona. Again, Mr. Cooper has the name Uber Technologies Inc reserved. So, who is controlling the day-to-day operations, signing contracts, and making the decisions for Uber USA LLC? Who are the employees and why are there no employees under the title Uber USA LLC? Where are the taxes and paper trails? How are they not listed with the ACA or the ADOR? The state of California no longer recognizes Uber USA LLC as an entity and this was **April 26, 2018**, the same day the Plaintiffs were told "if your worried about the document from Mrs. Barajas or CT Corp, it is out of our hands. We have no way of controlling what Mrs. Barajas files." What is a normal consumer to do? How have we been unethical and deserved our rights violated? How did the violator become the victim? The confusion is of Ubers own doing. They have masterfully manipulated the system in order to keep consumers like the Coopers on a roundabout. We have done everything ethical, filed every document on time, did not rush when uber defaulted with

the second litigation, and the only thing that we have seen from Uber is negligence misrepresentation, unethical acts, aiding and abetting, and many other Criminal and Tortious acts. In fact, we never served Uber as there is no RA, but Cole Schlabach somehow filed a motion to dismiss! The certificate of service was never filed because the AZCC was suppose to file on Uber. This was after we received permission from Judge Talamante, but instead stated the Cooper's were incoherent and ruled to dismiss the case and retired. Here we are though, still fighting for the one thing the defense has never stated. Our Pride and the respect we deserve especially calling us extortionist! It is our past now, and regardless, we did our due diligence to the end.  We are thankful that we were granted that second opportunity for Uber USA LLC's TRO filing. That was an important moment for us. For all Pro Se. We Matter.

**Valerie Beck/Branch Chief/Transportation Enforcement**
California Public Utilities Commission
Consumer Protection and Enforcement Division
(415) 703-2665
valerie.beck@cpuc.ca.gov

**(Mrs. Beck did not give us legal advice and in fact stated she has no jurisdiction in AZ. Mrs. Beck did state, Uber USA llc is no longer recognized in CA)**

# EXHIBIT 3

Clerk of the Superior Court
*** Electronically Filed ***
08/12/2019 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2019-010522                                          08/08/2019


                                          CLERK OF THE COURT
HON. ROSA MROZ                                 D. Charbagi
                                                 Deputy


UBER U S A, L L C                    COLE SCHLABACH

v.

BRIAN COOPER, et al.                 BRIAN COOPER
                                     TIFFANY SWANSON-COOPER
                                     825 S DOBSON RD #248
                                     MESA AZ  85202


                                     JUDGE MROZ



                            MINUTE ENTRY


        The Court has received Plaintiff's Application to Declare Defendants Brian Cooper and
Tiffany Swanson-Cooper as Vexatious Litigants filed on July 8, 2019. The Court notes that Brian
Cooper and Tiffany Swanson-Cooper were personally served on July 8, 2019.

        **IT IS ORDERED** that Brian Cooper and Tiffany Swanson-Cooper shall file a Response
to Plaintiff's Application detailing why they should not be declared as vexatious litigants by
**September 9, 2019.** Defendants are warned that failure to file a Response means that the
Defendants do not contest Plaintiff's allegations, and the Court may issue an order declaring Brian
Cooper and Tiffany Swanson-Cooper as vexatious litigants.

        **IT IS FURTHER ORDERED** that Plaintiff shall file a proposed findings of fact and
conclusions of law, along with its Reply if necessary, by **September 30, 2019.**

        **ATTENTION SELF-REPRESENTED LITIGANTS:** Unless an attorney files a notice
that he or she represents a party, the person(s) not represented by an attorney will act as his or her

Docket Code 023                    Form V000A                         Page 1

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2019-010522                                                    08/08/2019

own attorney.  **The law requires the court to hold all persons representing themselves to the same standard as a licensed attorney**.  Self-represented litigants are encouraged to review the Arizona Rules of Civil Procedure, paying particular attention to Rule 26.  Please note that only a licensed attorney may represent a corporation, LLC, or similar business entity in the Superior Court.  Ramada Inns v. Lane & Bird Advertising, 102 Ariz. 127, 426 P.2d 395 (1967).

Before the judge can consider anything you send her, you must show her that you have given a copy of your request:

1. To the Clerk of the Court.  The Clerk of the Court is a separately elected official.  It is the clerk's job to keep an independent record of everything that happens at the court.  The court cannot act on a document that has not been made a part of that record; and

2. To every other party involved in the case.  This is so all parties have a fair chance to tell the judge what they think before she makes a decision.

Because of that, if you want the judge to consider something you send her, you must file the original document with the Clerk of the Superior Court, mail or deliver a copy directly to this division (that is, to the judge, using her specific courtroom address)

HONORABLE JUDGE ROSA MROZ
101 W. JEFFERSON
4TH FLOOR, COURTROOM 414
PHOENIX, AZ  85003
602-372-0384

and mail or deliver a copy to all opposing parties.  In addition, on each document you must include a signed certificate that says whether you mailed or hand delivered each copy, when you did so, and states the specific people and the specific addresses to which you mailed or hand delivered each copy.  If a party is represented by a lawyer, you must send or deliver the copy to the lawyer, not to the party.  All proposed orders submitted to this division must include copies of the order with self-addressed, stamped envelopes for all parties/counsel.

Do not mail or send papers for the clerk or other parties to the judge.

If you want to file papers with the Clerk of the Court by mail, please send them to:

Clerk of the Superior Court's Office
Civil File Counter

Docket Code 023                         Form V000A                              Page 2

# EXHIBIT 4

Brian Cooper
Pro Se Litigant
Mesa, Az 85202
480-845-7965
briancooper@gmail.com

# SUPERIOR COURT OF ARIZONA

# IN THE DISTRICT COURT OF MARICOPA

CV- 2018-096629

BRIAN COOPER,

    DEFENDANT

**MOTION TO SET ASIDE JUDGMENT PURSUANT TO FEDERAL RULE 60 (B)(3), 9 U.S.C. § 10 U.S. CODE** PROCURED BY FRAUD TO THE COURT, **BY DEFENDANT, UBER USA, LLC.**

    PLAINTIFF

UBER USA LLC

*Mark A. Nadeau* (Bar No. AZ-011280)
*Cole J. Schlabach* (Bar No. AZ-026364)
DLA Piper LLP
2525 East Camelback Road Suite 1000
Phoenix, Arizona 85016-4232
tel: (602)-382-6000

COMMISSIONER ABRAMSON

## NATURE OF THE ACTION

The Defendant, Brian Cooper, representing himself as a Pro Se Defendant, files this Petition for Commissioner Abramson to set aside the recent ruling for Uber, an Injunction Against Workplace Harassment. Counsel for Uber lied in court filings and this injunction, to receive the outcome they are searching for.  Counsel has presented fraudulent evidence to cover up the fact that Uber, being unqualified to transact, can not file for any type of hearing in our

courts. Your Honor, we also added more documents on the status of Uber USA LLC. and Uber Technologies Inc. As you see, the entity Uber has listed they are transacting under, is not qualified in Arizona. Uber USA LLC may have a good standing through the AZCC, but after speaking with the Arizona Corporate Commissions many times over the last year, the defendant has learned quite a bit. AZCC is not an enforcement agency, just filing, hence the good standing and anyone that has not had legal proceedings impact their status they would remain in good standing. Mrs. Patricia Barfield, former Director, helped  the Defendant look into Uber's status and compliance. They are not in compliance. Currently Mr. Gupta, manager, is running OpenDoor. Mrs. Walker, manager, is running Pandora. So the only listed manager currently with Uber is Uber Technologies Inc. An entity not qualified to transact in the state of AZ. Also, since Uber USA LLC is part of a charter, currently Uber USA LLC is forfeited in California. Furthermore, on 2/25/2019, ADOT and the TNCs of AZ, signed into an agreement with requirements and rules dealing with Licensing and Insurance. The problem is ADOT registered RAISER LLC as the transacting entity, not Uber USA LLC.  If your company is registered outside of Arizona it is required to obtain a Certificate of Authority before transacting business in the state, Register, and file Articles of Organization. Arizona law (A.R.S. § 29-633) requires that an Arizona LLC amend its Articles of Organization within thirty days after the happening of any of the following events:

1. Any statement in the Articles of Organization becomes inaccurate

2. A member-managed company has a change in members.

3. A manager-managed company has a change in managers.

operations, general or auxiliary ledgers, trial balances, or income and expense statements. There must be a current list of managers that manage the LLC, employment records, and financial statements from the prior three years (at a minimum). Finally, there is a statutory duty on the taxpayer of the company to pay the company's TPT taxes. Uber USA LLC needs to have a TPT license in the state of Arizona and according to ADOR and Mesa City Tax and Audit, they do not currently have a TPT tax license. *See Cigar Stop, Inc. v. Director* Furthermore, a foreign corporation is deemed "transacting business" within the state when "it has entered the state by its agents and is therefore engaged in carrying on and transacting through them some substantial part of its ordinary or customary business. Uber decided after the arbitration was complete, allotted appeal time had evaporated, and Defendants filed a claim in Superior Court, to request an amended Arbitration award. The request did not come from Aaron Bergstrom, but it did come from Cole Schlabach and Mark Nadeau. In fact, there has never been a response to anything from the AAA to litigation from Aaron Bergstrom why is that? Mr. Nadeau and Mr. Schlabach enter this fiasco and immediately are dishonest and file evidence that contradicts the filings for this injunction. MOTION TO DISMISS WITH PREJUDICE AND REQUEST FOR ATTORNEY'S FEES CV-2018-096249. This document was filed by Plaintiff on August 15, 2018. The very first line Mr. Schlabach, Mr. Nadeau, and Uber write, "Uber Technologies, Inc., incorrectly identified as Uber Technologies" in the caption of the complaint. The verbiage the Plaintiff used was to correct the Defendants caption on the Defendants complaint. On September 26, 2018, Counsel and Uber file: AFFIDAVIT OF COLE J. SCHLABACH IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC'S APPLICATION FOR ENTRY OF JUDGEMENT AND AWARD OF ATTORNEY'S' FEES AND COST. CV2018-096249. Third

sentence of paragraph one states, "I submit this Affidavit in Support of Uber Technologies, Inc's application for judgement entry. Next, on October 3, 2018: MOTION FOR ENTRY OF JUDGEMENT CV-2018-096249, third line down from the start, document reads: Defendant Uber Technologies, Inc. (Uber) moves the court to enter proposed form of judgement. Finally, to show Your Honor Counsel and Uber concocted these allegations for a self serving purpose rather than real legal remedy, on February 5, 2019, Counsel and Uber filed: MOTION TO STRIKE. Pursuant to, Arizona Rule of Civil Procedure 7.1(f), Uber Technologies, Inc. ("Uber"), hereby moves to strike the Plaintiffs' filing… CV2018-096629. In this current filing, Counsel for Uber state it was out of their control who Defendant (Mr. Cooper) uses in the caption/heading as opposite party. Another Clerical Error? We then ask, "why did Mr. Aiken respond to the first letter within less than 30 minutes and stated "Counsel's request was "untimely, therefore he could not reopen a closed arbitration, let alone change an award." Counsel's makeup of two experienced attorney's with years of litigation experience including with the ADR, means requesting once is a professional act, but to request three times with an expectation of favoritism, is an unethical act. There are three pieces of evidence that the Plaintiff sent to the AAA and to the Defendant. They are dated August 8, August 15, and September 20, 2018. In all three filings, defense Counsel states it was a clerical error, and reiterates this throughout all three documents. When you read all three, never did they state, "Mr. Aiken you stated it was a clerical error," nor did Mr. Aiken address the second or third set of documents. We believe Mr. Aiken was also duped by Uber Technologies Inc. and that goes to the speed in which he replied, under 30 minutes/Mr. Aiken was sure about his response. Counsel has tried to deflect from the truth by blaming a top tier attorney for a clerical error that Mr. Aiken is not known to ever make.

_IN SO many WORDS_

Plaintiff's Counsel stated he is meticulous and a dynamite attorney in the first letter, to questioning his oath and his ruling in letter 3. The problem is Plaintiff's Counsel has to find someone to blame for the clerical error that does not exist, except on their filed documents to have it changed. What strikes me is Counsel and Uber did not care to have the record revised until after I filed a complaint. That is notable. Why were they fine with it until I cited it in my complaint? I don't know where the line is between an attorney, his/her legal assistant, and UPL, but I assume the attorney would not want him/her to perform any act outside their oath. That is why this is not of normal circumstances. There is a non-existent clerical-epidemic with all of the filings against Uber? What does exist are all the documents are referred to Rosemary Barajas from the current Defendant and the AAA with the exception of one that includes Mr. Bergstrom. There are two that refer to Rosemary as an "Attorney." Rosemary Barajas did all the negotiating, fee acceptance, signed all documents, conference calls, provided evidence, and all emails from AAA and the Defendant were directed to Mrs. Barajas. All emails are CC'd to the other party. _So we know whats being said._ Mr. Schlabach and Mr. Nadeau name Counsel that represented Uber in the arbitration "In-House Counsel."In the current filing by Cole Schlabach (page 2, line 17) Counsel for Uber is referred to as In-House Counsel. Mrs. Barajas also states she is an in house managing paralegal. We have been absolutely clear from the beginning of the first litigation, Rosemary Barajas did represent Uber in the arbitration. Unlawful Practice of Law; i.e.,  In Arizona may (employee/in-house legal) appear as a representative for the company in an American Arbitration Association Arbitration? No. per State Bar of Arizona. The Supreme Court's definition of the "practice of law" specifically includes "(3) representing another in a judicial, quasi-judicial, or administrative proceeding, or other formal dispute resolution process such as arbitration and mediation."

~~Ariz. S.Ct. R. 31~~(a) 2.A. Only members of the State Bar of Arizona, lawyers admitted *pro hac vice*, and those lawyers authorized by ER 5.5(c)(3) may represent another in any such proceedings – Only representation by a lawyer is authorized for representation before a tribunal so as to assure that the client is afforded all of the protections of the Rules of Professional Conduct. Aaron Bergstrom was suppose to file for Pro Hac Vice as was his understudy Mrs. Barajas. They did not. Mr. Schlbach then enjoyed the outcome by AZ State Bar's Stacy Shuman. In less than 24 hours, Mrs. Shuman stated she spoke with Rosemary Barajas, and was told she was being supervised by Aaron Bergstrom. That was the end of the investigation. Mrs. Shuman stated, "However, even if Mr. Bergstrom sought the ability to practice before the AAA arbitrator Pro-Hac Vice, (notwithstanding the fact that the AAA did not require him to do so, ~~but~~ ~~under, California and Arizona Law he must~~ *or*), there is no Arizona court or agency to which he could have turned to be so admitted." Mrs. Shuman's response is absolutely 100% incorrect. When the Defendant filed the second litigation on October 4, 2018, there was a response from their Registered agent that stated., "CT Corp was not Uber Technologies, Inc's RA. We also received the same reply from NRAI. We contacted the AZCC before sending a demand and summons to the AZCC. (They would act as Ubers RA). That was on October 24, 2018. On ~~Default, we didnt rush.~~ October 25, 2018, Defendant was clarifying with the AZCC what to send in order for the AZCC to take action and received an email that stated there was a filing in TurboCourt. The defendant noted that the attorney Mr. Cole Schlbach, had filed a motion to dismiss with the court. The defendant was dumbfounded because the summons and the complaint were never served. In Arizona you must properly serve the plaintiff or defendant in any civil action before jurisdiction can be made by a court. ~~As we moved forward with litigation filed on July 30, 2018, we~~

*We also*

discovered through DLA Piper evidence (the redacted version)  Counsel for Uber has the court filings August 1, yet we had not served Uber. Just a day and a half later? Also, note Mr. Nadeau takes a call from xyz, to which my wife and I are called "Hostile Adversaries." A US Veteran and his wife has the same terminology reserved for foreign dictators and oppressive regimes used to describe them? Yet counsel reminds us hundreds of times how we are only seeking a frivolous $7.00? The idea of making a lawsuit a game of tricks by keeping information secret to surprise the opposition at a critical moment is more suited to the fictionalized drama of stories and plays than to actual trials in a court of justice.  The Defendant and his wife should not feel threatened enough to tell certain family members, "just in case anything happens to me plans!"✓

## Abuse of Process and other sanctionable acts

## A.R.S. Sup.Ct.Rules, Rule 42, Rules of Prof.Conduct, ER 8.4

*A.) It is professional misconduct for a lawyer to:*

1)  violate or attempt to violate the Rules of Professional Conduct,

2)  knowingly assist or induce another to do so, or do so through the acts of another; commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects; engage in conduct involving dishonesty, fraud, deceit or misrepresentation; engage in conduct that is prejudicial to the administration of justice; state or imply an ability to influence improperly a government agency or official or to achieve results by means that violate the Rules of Professional Conduct or other law; or knowingly assist a judge or judicial officer in conduct that is a violation of applicable Code of Judicial Conduct or other law. File a notice of

change of judge under Rule 10.2, Arizona Rules of  Criminal Procedure, for an improper purpose, such as obtaining a trial delay or other circumstances enumerated in Rule 10.2(b)

Your Honor, this has been a serious breach of trust, contracts, ethics, and conduct by the Plaintiff and Counsel.  It has contributed to a diminish belief that the truth will always win, and the pillars on which this country was built has had a small piece eroded.  There is no case law, scriptures, or apology that smooths over the damage Uber and Counsel has done. Counsel for Uber has sacrificed their loyalty to seek the truth through diligence, for manufactured entitlements through fear and dishonesty.  The expectation of favoritism in ruling after ruling or the dollars to momentarily calm a well-known addiction...more.  More money, respect, power, notoriety, and the opportunity to laugh at those you have harmed with a raised fist and a feeling of pride, false pride. This may not be protocol, but for me this is my one opportunity to direct my verbiage to man's morality.  I believe Uber and their Counsel looked at the Defendant and his past, but never looked any further.  Incoherent, meritless, frivolous, extortion, and many ways to describe the Defendant and his wife.  How does an attorney have the power to interfere with Service of Process? How does a party have an unfair advantage to receive complaints and filings before Joe and Jane Public? What drives an attorney to forget his/her ethics in order to reach a man made pinnacle? As a Pro Se Litigant, I have not nor do I expect any treatment that would be viewed as unequal treatment in the eyes of those from the outside looking in.  I do expect those involved in the legal system and those who say they are seeking justice to maintain ethics.  That has been hard to come by.  The facts of each claim filed by the Defendant are true with a personal understanding of what we say and do have consequences.

Clerk of the Superior Court
*** Electronically Filed ***
07/23/2019 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2019-001194                                    07/22/2019

HONORABLE LINDSAY P. ABRAMSON          CLERK OF THE COURT
                                            A. Aycock
                                             Deputy


UBER U S A, L L C                    MARK A NADEAU

v.

BRIAN COOPER, et al.                 BRIAN COOPER
                                     825 SOUTH DOBSON
                                     #248
                                     MESA AZ  85202


                                     TIFFANY SWANSON-COOPER
                                     825 SOUTH DOBSON
                                     #248
                                     MESA AZ  85202
                                     COMM. ABRAMSON



                        MINUTE ENTRY


     The Court has received Defendants Brian and Tiffany Cooper's Motion for
Consolidation.

     This case was an injunction against harassment case that is concluded.  First, the Court
never issued an injunction against harassment against Tiffany Cooper.  The Court upheld, after a
contested hearing, the injunction against harassment issued against Brian Cooper.  The Court
then denied defendant Brian Cooper's Motion for Relief Rule 60 (sic).  There is no other action
to be taken in this case.

     Accordingly,

Docket Code 023              Form V000A                      Page 1

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2019-001194                                    07/22/2019

IT IS ORDERED denying Defendants Brian and Tiffany Cooper's Motion for
Consolidation.

Clerk of the Superior Court
*** Electronically Filed ***
07/15/2019 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2019-001194                                           07/10/2019

HONORABLE LINDSAY P. ABRAMSON                CLERK OF THE COURT
                                                         A. Aycock
                                                         Deputy

UBER U S A, L L C                            MARK A NADEAU

v.

BRIAN COOPER, et al.                         BRIAN COOPER
                                             825 SOUTH DOBSON
                                             #248
                                             MESA AZ  85202


                                             COMM. ABRAMSON


                         MINUTE ENTRY


        The Court has reviewed Defendant Brian Cooper's "Motion for Relief Under Rule 60
Fraud on the Court, Sanctions Issued to Uber and Counsel." The Court notes that Defendant
Cooper never delivered or sent a copy of this motion to this division. The Court has also
reviewed Plaintiff Uber USA, LLC's (Uber) response to said motion.

        IT IS ORDERED denying Defendant Cooper's "Motion for Relief Under Rule 60 Fraud
on the Court, Sanctions Issued to Uber and Counsel."

Clerk of the Superior Court
*** Electronically Filed ***
07/23/2019 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2019-001194                                            07/19/2019

HONORABLE LINDSAY P. ABRAMSON          CLERK OF THE COURT
                                                        A. Aycock
                                                        Deputy

UBER U S A, L L C                              MARK A NADEAU

v.

BRIAN COOPER, et al.                      BRIAN COOPER
                                          825 SOUTH DOBSON
                                          #248
                                          MESA AZ  85202


                                          TIFFANY SWANSON-COOPER
                                          825 SOUTH DOBSON
                                          #248
                                          MESA AZ  85202
                                          COMM. ABRAMSON


MINUTE ENTRY

        The Court has received and reviewed Defendants' Reply to the Defense's Response to Plaintiffs Motion for Rule 60.

        IT IS ORDERED rejecting same for the reason that it has not been filed with the Clerk of Court.

### ATTENTION SELF-REPRESENTED LITIGANTS

        Unless an attorney files a notice that he or she represents a party, the person(s) not represented by an attorney will act as his or her own attorney. The law requires the court to hold all persons representing themselves to the same standard as a licensed attorney. Self-represented

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2019-001194                                    07/19/2019

litigants are encouraged to review the Arizona Rules of Civil Procedure, paying particular attention to Rule 26. Please note that only a licensed attorney may represent a corporation, LLC, or similar business entity in the *Superior Court. Ramada Inns v. Lane & Bird Advertising*, 102 Ariz. 127, 426 P.2d 395 (1967).

Before the judicial officer can consider anything you send her, you must show her that you have given a copy of your request:

1. To the Clerk of the Court. The Clerk of the Court is a separately elected official. It is the clerk's job to keep an independent record of everything that happens at the court.  The court cannot act on a document that has not been made a part of that record; and

2. To every other party involved in the case. This is so all parties have a fair chance to tell the Commissioner what they think before she makes a decision.

Because of that, if you want the judicial officer to consider something you send her, you must file the original document with the Clerk of the Superior Court, mail or deliver a copy directly to this division (that is, to the Commissioner, using her specific courtroom address)

COMMISSIONER LINDSAY ABRAMSON
101 W. Jefferson
8th floor, Courtroom 812
Phoenix, AZ 85003
602-506-3857

and mail or deliver a copy to all opposing parties. In addition, on each document you must include a signed certificate that says whether you mailed or hand delivered each copy, when you did so, and states the specific people and the specific addresses to which you mailed or hand delivered each copy. If a party is represented by a lawyer, you must send or deliver the copy to the lawyer, not to the party. All proposed orders submitted to this division must include copies of the order with self-addressed, stamped envelopes for all parties/counsel. Do not mail or send papers for the clerk or other parties to the judge.

If you want to file papers with the Clerk of the Court by mail, please send them to:

Clerk of the Superior Court's Office Civil File Counter 201 W. Jefferson Phoenix, AZ 85003.  The clerk's guidelines for filing by mail can be found at:

http://www.clerkofcourt.maricopa.gov/filing-by-mail.asp

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2019-001194                                    07/19/2019


      If you are not represented by a lawyer you must contact this division immediately and give us a current address and telephone number. If your address or phone number changes in the future, you must file a notice of change of address/phone number. That form can be downloaded at no charge from the following website:

http://www.superiorcourt.maricopa.gov/SuperiorCourt/LawLibraryResourceCenter/

Clerk of the Superior Court
*** Electronically Filed ***
07/31/2019 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2019-001194                                    07/29/2019

                                          CLERK OF THE COURT
HONORABLE LINDSAY P. ABRAMSON                    A. Aycock
                                                  Deputy


UBER U S A, L L C                         MARK A NADEAU

v.

BRIAN COOPER, et al.                      BRIAN COOPER
                                          825 SOUTH DOBSON
                                          #248
                                          MESA AZ  85202


                                          COMM. ABRAMSON



        MINUTE ENTRY


    The Court has received Defendant Brian Cooper's Motion for Reconsideration.

    IT IS ORDERED denying the Motion for Reconsideration.


Docket Code 023                Form V000A                          Page 1

Brian Cooper
briancooperaz@gmail.com
843 South Longmore #248
Mesa, AZ 85202
Ph: 480-200-2768

"In the Superior Court of Arizona
In and For the County of Maricopa

**Brian Cooper/Tiffany Swanson-Cooper**
                **Plaintiff,**
                        **v.**
                **Defendant**
**Uber USA, LLC, a Delaware**
        **Limited Liability Company**

                                                Case number: CV2019-02001194

**Attorneys for Defendant:**                        |

                                                MOTION FOR RELIEF UNDER
**Mark A. Nadeau (Bar No. AZ-011280)**   |   RULE 60 FRAUD ON THE COURT
**Cole J. Schlabach (Bar No. AZ-026364)**   |   SANCTIONS ISSUED TO UBER,
**DLA Piper LLP**                                       |
**2525 East Camelback Road Suite 1000**   |   Commissioner Lindsay Abramson
**Phoenix, Arizona 85016-4232|**            |
**tel: (602)-382-6000"**

---

## Jurisdiction Over Current Case:

1) Plaintiffs come before Honorable Judge Lindsey Abramson under the
2) jurisdiction of this court, to serve notice to the Defendant Uber USA LLC,
3) counsel Randall Haimovici, Mark Nadeau, and Cole Schlabach, Plaintiff
4) Brian Cooper is seeking to have the injunction, arbitration and litigation

4) Brian Cooper is seeking to have the injunction, arbitration and litigation
5) rulings thrown out and the defendant and defense counsel sanctioned for
6) fraud on the court. Plaintiffs are using stated facts, electronically saved
7) emails, the courts record, minutes, documents provided by CPUC,
8) defendants filings, and the Plaintiffs experience which will not state
9) emotional opinions. We, the Plaintiffs, swear to this and all statements
10) provided to the Honorable Lindsey Abramson and to this court under the
11) penalty of perjury.

## BACKGROUND OF INJUNCTION

1) The following facts are true and verifiable via video recording made of the
proceeding cv2019-001194 on 03/12/19 initiated by Uber USA LLC on
FTR Video. During the proceeding Uber USA LLC stated Mr. Cooper was
harassing Uber and making threats. Uber never stated the truth from the
start of the hearing and out-of-state counsel again fails to file Pro Hac Vice.
At 10:21:34, Mr. Haimovici ask, "do you mind if I pull up a chair your
honor?" Judge Abramson replies, "are you counsel?" Mr. Haimovici says,
"I am counsel." Next, at 10:37:00, Judge Abramson ask if Mr. Cooper had
any objection to the exhibits 1-16 going into evidence. Mr. Cooper answers,
"I just got them. I do not know what exhibits they are referring too." Judge
Abramson, "Is there a reason why they were delivered to mr. Cooper this
morning?" Mr. Nadeau's tact was to confuse replied, "we should note we
had them two and a half weeks ago when the initial hearing was to take
place and would have been made available to him at that time." That makes
no sense as party would be receiving the evidence the day of the hearing,
just the same as the hearing two weeks later. **So discovery is NOT
available to a party who is granted an opportunity by the Judge to be
heard?** As Mr. Haimovici, Mr. Bergstrom, and Mrs. Barajas are in-house
counsel they should register Pro Hac Vice. Momot v. Silkworth Manor LLC

2) Mr. Cooper had no idea Mr. Haimovici was going to testify as counsel
never informed him. This is deliberate, deserves to be sanctioned, and an
inquiry to how Uber has gotten away with this for so long? The state

3) (which would be Uber ) has the obligation to disclose material exculpatory
evidence State v. Tucker   There is no reason for counsel to hide their

1) non-compliance issues with their management make up here in Arizona.(see ex.D)
2) Who is running Uber USA LLC, who is signing contracts, and who's making daily
3) decisions at Uber USA LLC? If Uber USA LLC is a foreign entity with no
4) Operating Agreement, the state statutes regulate the business. If there are no
5) current managers nor is the entity recognized in CA. Who is managing Uber USA
6) LLC and it matters due the legal definition of conducting business. Online has not
7) been changed and they have known about this via the Cooper's filings. Uber
8) Technologies Inc. is a member but with personhood, the entity must be qualified
   to
9) conduct business in Arizona. Currently Mr. Cooper has the name reserved with the
10) AZCC.(see ex.E) Why does the qualification of a foreign entity and the name
11) reservation of the name the business is actually contracting as? It matters to the
12) state statute here and in California. You can not legally transact or contract if you
13) are forfeited in California. Therefore, Uber has illegally been accepting contracts,
14) making bids, and using a name in Arizona they do not have the right to.

## OUTLINE OF CURRENT CLAIM

1) Counsel for Uber USA LLC filed an injunction against the Coopers stating the
2) Cooper's had been annoying, vexatious, and threatening. Uber is represented by
3) DLA Piper's Mark Nadeau and Cole Schlabach. Randall Haimovici, Director for
4) Litigation at Uber is an attorney for UBER in the State of California, flew to
5) Arizona to join as counsel and to testify. The Cooper's are using Rule 60 to have
6) this case reopened or reviewed. (Rule 60(b)(6)) is a "very broadly worded"
7) catchall category: "any other reason justifying relief." To obtain relief under Rule
8) 60(b)(6), the defendant must assert some reason other than the first five reasons
9) and must "assert a meritorious defense." Although the defendant cannot rely on
10) mere speculation, to assert a meritorious defense, a defendant must only present
11) "some legal justification for the exercise of the power" and "some substantial
12) evidence to support it." Rejecting possible interpretations of earlier cases, the
13) Court held that a defendant does not need to present evidence outside of the
14) existing record to establish a meritorious defense. It is sufficient if the defendant
15) relies on evidence that appears in the record. Note, on the record, the Coopers
16) were plaintiffs at the time they raised issues concerning Uber and Uber's Counsel.

17)Issues raised were fraudulent document filings, UPL, aiding and abetting,
18)unqualified entity transacting in Arizona, abuse of power, interfering with the
19)process of service, and due process violations.We believe that the evidence we
20)present today will be an Absolute Defense, and will clearly show fraud had been
21)committed.

## NATURE OF THE ACTION

1)   The Defendant, Brian Cooper, representing himself as a Pro Se Defendant, filed
2)  this Petition for Commissioner Abramson to set aside the recent ruling for Uber,
3)  an Injunction Against Workplace Harassment, the arbitration, and two litigations
4)  counsel received through the use of fraudulent testimony, documents, and court
5)  filings. Counsel for Uber lied in court filings, on the record, and the information
6)  was used to obtain this injunction. In order to receive the outcome they were
7)  searching for and to cover-up the fact they knew a ruling in California, during
8)  Uber hearings starting in the beginning of 2018, would have an impact on these
9)  proceedings. To start, during the March 2019 hearing, Judge Abramson asked Mr.
10) Cooper if he had given his evidence to Uber's counsel? He replied no.(see video first
11) 10 min) The Judge then asked Uber's Counsel if they had given their evidence to
12) Mr. Cooper and they replied, "we had the evidence to give him two and a half
13) weeks prior, but did not give Mr. Cooper any evidence until that morning." It
14)doesn't make sense that they had the evidence two and a half weeks prior, because
15) the evidence would have been given to Mr. Cooper that same morning only 2 ½
16)weeks earlier.This is one of the reasons why Mr. Cooper was unprepared. Mr.
17)Cooper also had no idea Mr. Haimovici was flying in as counsel and to be a
18)witness. This was not marked on any evidence, nor was it presented to Mr. Cooper
19)ahead of time. Mr. Haimovici would definitely know he needed to apply Pro Hac
20)Vice in Arizona because in California he is an attorney and the Director of
21)Litigation for Uber. We asked Mr. Haimovici, Mr. Schlabach, or Mr. Nadeau to
22)provide the documentation. This was the same documentation we asked for from
23)Aaron Bergstrom.(see ex.F) Mr. Bergstrom is familiar with the rules of Pro Hac
24)Vice, and regardless if the AAA stated you do not have to be an attorney or apply
25)We know the answer already as we checked with the Clerk of Court's registry, no
26)he did not. Current counsel for Uber Mark Nadeau and Cole Schlabach will
27)undoubtedly, as they did for Aaron Bergstrom and Rosemary Barajas, come up

28) with some reasoning why he did not or counsel will state that he was not in

1) Arizona as counsel. The issue would be with the court. Judge Abramson was asked
2) by Mr Haimovici at the very start of the hearing "can I pull up this chair?" Judge
3) Abramson replied, "and who are you, are you counsel?" Mr Haimovici replied,
4) "yes, I'm Counsel."(we will use audio/visual) The entity Uber USA LLC formation here
5) in Arizona was 06/14/16. Who did Uber contract through before this company's
6) formation? In order to qualify as "conducting business" created as a front for Uber
7) Technologies Inc.. Furthermore, on 2/25/2019, ADOT and the TNCs of this state
8) signed into an agreement and to rules with requirements dealing with Licensing
9) and Insurance.(see ex. F ) The problem is ADOT registered RAISER LLC as the
10) transacting entity, not Uber USA LLC.  If your company is registered outside of
11) Arizona it is required to obtain a Certificate of Authority before transacting
12) business in the state, Register, and file Articles of Organization. ARS-29-805 If the
13) LLC will continue to be qualified here: The LLC Must submit Articles of
14) Amendment to Application for Registration and pay that filing fee (A.R.S. §
15) 29-805).   Arizona law (A.R.S. § 29-633) requires that an Arizona LLC amend its
16) Articles of Organization within thirty days after the happening of the following
17) event: *A manager-managed company has a change in managers.  For example,*
18) *the company acquires a new manager or a manager listed in the Articles of*
19) *Organization ceases to be a manager. If the LLC makes changes to its managers*
20) *or to it's name, they must file an Amendment Order per ARS-29-352. (ex.G)*
21) Counsel stated Defendant erred by filing under the wrong name. Then your Honor,
22) Uber needs to clarify their real position as does their Counsel without the
23) fraudulent defense. Counsel and Uber need to explain why throughout each
24) motion or response filed, Counsel refers to their client as Uber Technologies,
25) Inc.(see ex.H ) The arbitration and two litigations unnecessarily filed were under the
26) caption Uber Technologies Inc. If Mr. Bergstrom did in fact represent Uber then he
27) too misrepresented Uber in the filings during arbitration. Mr. Bergstrom needs to
28) respond to the question why did he not request for a change in the caption that

1) read "Attorney Rosemary Barajas" sooner? Why did Mrs. Barajas answer
2) every email? Why was every document sent from the AAA or the Cooper's

3) sent to Mrs. Barajas? When have you ever seen an attorney never sign one
4) document, affidavit, have an email sent in his name or have a company that
5) ONLY administers administrative duties for arbitrations make a mistake
6) twice calling a non-lawyer a lawyer; two times? Why did Mr. Akin respond
7) in less than 30 minutes to the request for changing the supposed "clerical
8) error" as defense counsel has created?(see ex.I)
9) Uber's counsel did not ask for the correct caption (Uber Technologies Inc)
10) nor did they request the title onto documents change from attorney
11) Barajas?(see ex.J ) Uber and council did not request a change on any of the
12) documents from the AAA until after we filed litigation. The Coopers chose
13) to pause instead of jumping into an appeal which we knew where be
14) denied, and instead decided to wait until the appeal time elapsed. Then we
15) filed litigation. and just like clockwork Uber and Counsel fired off three
16) letters to the AAA, Mr.Akin, and everybody and anybody that would listen.
17) They wanted that name changed and they wanted to change badly. It's not a
18) big deal though correct? It seems to be a very big deal. Just remember the
19) famous words that they consistently said throughout all these filings
20) meritless, frivolous, incoherent, extortion, and many other insults and
21) innuendos. Did counsel understand they were asking Mr. Akin to be
22) unethical? Counsel for Uber stated the AAA failed to "carefully administer
23) the arbitration, agreeing with a position. The AAA states that the arbitrator
24) will be a retired CA judge or an attorney that maintains a law office in CA.
25) That did not happen. Counsel for Uber has stated absolutely nothing if you
26) look back at all the evidence that has been  filed with the clerk. Counsel for
27) Uber has taken the evidence the Coopers filed and did regurgitate it, but did

1) not add anything new. There is no new evidence to show what Uber and counsel
2) are alleging . What we do have is a failure to truly investigate, hold Uber
3) accountable, give parties an equally legal opportunity, and to fulfill an oath of due
4) diligence. Uber's Council said that Mr Aiken the Arbiter made a clerical error.
5) Nobody else called a clerical error only Uber. Not mr. Akin not the administrator
6) not the Coopers not the director of pro se in fact nobody except Uber. So that's just
7) where we come up with a clerical error. They breathe life into it by stating so oh,
8) Stacy Shuman from the State Bar picked it up and ran with it, in our case was shut
9) down. The fact of the matter is Uber Technologies Inc is illegally transacting in the
10) state of Arizona with a name I have reserved at this time. Uber Technologies Inc

11) has been illegally transacting in this state since their emergence here. They have
12) never had any employees, taxes, paid into workers comp, nor do any
13) advertisements commercials print ads or radio ads say you are riding with Uber
14) USA LLC. (see ex C) They all say Uber Technologies Inc. Somehow we will find
15) this to be unfair as will their counsel. My question is why did they need three
16) attorneys if this was such a frivolous meritless incoherent claim? Mr. Bergstrom
17) could have easily represented Uber Technologies Inc or Uber USA LLC, or Raiser
18) LLC or whoever they decide to be that morning. From CA- Uber Randall
19) Haimovici flew here as the representative in a legal proceeding to again cover-up
20) wrongdoing, knowing Uber USA LLC is not the legal entity contracting in AZ by
21) their own statements. Looking at the (see exhibit K) truthful conversation between
22) Mr. Haimovici and Mr. Cooper, there are no threats. There is a document to which
23) Mr. Haimovici swore he was stating the truth. As matter of fact, everything that
24) was said by Mr. Cooper was done without breaking any laws.  Mr. Haimovici
25) continued to talk about conversations while on the stand.  The key word Mr.
26) Haimovici used to make his point have a sliver of validation was "threaten." The
27) next set of documents will be helpful to the court for an actual timeline. (see ex.L)
28) These are the initial emails with Uber's Customer service as Uber did not have a
1) working number to contact anyone. As you will see on February 7th 2018, Mr.
2) Cooper does email and my tone is one of anger. I did not spell out the vulgar word
3) in its entirety.  This is the day we found out Uber deducted funds illegally from an
4) account they were not authorized to do so. The next set of documents are the
5) conversations sent to counsel mostly and 2 documents to Uber 's Rosemary
6) Barajas and Aaron Bergstrom. (see ex.M)
7) During arbitration, the Cooper's as Plaintiffs, filed a third demand letter per
8) Rosemary Barajas through Uber's R.A. CT CORP. Wolters Kluwer. That makes 3
9) demand letters one paid out of pocket by the Cooper's, 13 complaints that went
10) unanswered including the two most important; We claim fraud on the court via
11) submitted evidence by Uber and counsel, and the second when Mrs. Barajas filed
12) 56 pages of evidence (declaration of Rosemary Barajas) 3 days before a final brief was
13) do. She stated during a call with Mr. Aiken, " she would not submit any evidence
14) as Mr. Cooper's should suffice." Even though the Cooper's tried to maintain
15) integrity and ethics, The Director of Pro Se threatened to dismiss our case and that
16) the AAA HAD NO CONTROL OVER MRS. BARAJAS REQUESTING THE
17) DEMAND OR HOW IT WAS SENT. So if she sent fraudulent documents it was
18) not up to the AAA to look into it. Let us remind you there was no Arbitrator until

19) April, and the receipt was received from the AAA the same day the CPUC ruled
20) Uber USA LLC is but a mere instrument of Uber Technologies Inc. and therefore
21) UTI needed to register with the CPUC. Remember, when you first initially sign up
22) you sign up on Uber's website through Uber USA LLC. And again Hooper USA
23) LLC is currently forfeited in California, and not in compliance in the state of
24) Arizona. But we did the things that we were supposed to do to file the AAA
25) arbitration. (see exhibit O) There's some very interesting key points in the documents
26) concerning the arbitration. The documents go in order and we did not include all
27) the documents, but even here there is the start of a pattern. Uber fails to pay and
28) misses deadline on three AAA sponsored contracts, questions about the payment
1) address to miss Barajas the AAA trying to reach Miss bras Miss bra stating that on
2) April 10th the payment should be paid in full but it was not paid for another two
3) weeks. Finally, what's important is the AAA does not enter separate contracts with
4) businesses to provide consumer arbitration or mediation services. The document
5) goes on to continue to speak about the AAA and the administration of consumer
6) arbitration right behind that document is a document for the detailed invoice
7) statement and if you look on the in the middle of the page indicates Bill line
8) amount has been deferred as per agreement and is not currently do. I'm confused
9) if you don't enter any contracts when you say per agreement that is a contract. But
10) that's not for me to decide I try to do that before and it didn't work out I'll leave
11) that to the courts. Just like Mr. Haimovici failing to apply for Pro Hac Vice. Mr.
12) Bergstrom failed to do so, but he seemed to remember when he participated in a
13) Minnesota Courtroom? (see ex.P)
14) Defendant insist the request by Mrs. Barajas was returned and it stated, "CT
15) CORP had multiple UBER listings and we needed to be specific." We emailed
16) Rosemary Barajas and asked who do we serve complaint to? The answer (which
17) has been added as evidence) was Uber Technologies Inc. and not Uber USA LLC.
18) (see attached. As you can see, nothing was ever filed to or by Aaron
19) Bergstrom,the attorney Uber and Counsel has consistently said was lead
    Counsel.)

20) If plaintiff filed arbitration under Uber Technologies Inc, why would Counsel
21) not request that  clerical error be changed along with the name change? Counsel
22) requested the  name change as soon as the first litigation was filed by Defendant,
23) why not the  correct transacting entity? The docket sheet would not reflect that a
24) summons was  ever issued to Uber in its correct name Uber USA LLC, or in the

25) name in which it was incorrectly sued. If it would have been filed incorrectly,
26) Counsel would NEVER had accepted service and filed for immediate dismissal
27) keeping with Counsels theme.(see Margetis v. Ray; the Civil Action No.
28) 3:08-CV-958-L. (N.D. Tex. Feb. 25, 2009).
1)   Uber can not jump between subsidiaries, parent company, and shell corps in order
2)   to evade the truth. According to ARS 16-907 The LLC must have a paper trial that
3)   includes prepared financial statements for its own operations,  general or auxiliary
4)   ledgers, trial balances, or income and expense statements. There must be a current
5)   list of managers that manage the LLC, employment records, and financial
6)   statements from the prior three years (at a minimum). However, even if Mr.
7)   Bergstrom sought the ability to practice before the AAA arbitrator Pro-Hac Vice,
8)   (notwithstanding the fact that the AAA did not require him to do so, but under,
9)   California and Arizona Law he must), there is no Arizona court or agency to
10) which he could have turned to be so admitted." 100% incorrect. When the
11) Defendant filed the second litigation on October 4, 2018, there was a response
12) from their Registered agent that stated., "CT Corp was not Uber Technologies,
13) Inc's RA. We also received the same reply from NRAI. We contacted the AZCC
14) before sending a demand and summons to the AZCC. (They would act as Ubers
15) RA). That was on October 24, 2018. On October 25, 2018, Defendant was
16) clarifying with the AZCC what to send in order for the AZCC to take action and
17) received an email that stated there was a filing in TurboCourt. The defendant oted
18) that the attorney Mr. Cole Schlabach, had filed a motion to dismiss with the court.
19) The defendant was dumbfounded because the summons and complaint we're
20) never served. In Arizona you must properly serve the plaintiff or defendant in any
21) civil action before jurisdiction can be made by a court. The next two exhibits show
22) how we got here and a fraction of fraudulent evidence Uber filed. (see ex. Q).
23) Finally, (see ex. R) there are regulations that govern LLC's, corporations, violations,
24) and attorneys.

## Abuse of Process and other sanctionable acts
### A.R.S. Sup.Ct.Rules, Rule 42, Rules of Prof.Conduct, ER 8.4

1)   A.) **It is professional misconduct for a lawyer to:**
2)   violate or attempt to violate the Rules of Professional Conduct,
3)   knowingly assist or induce another to do so, or do so through the acts of another;
4)   commit a criminal act that reflects adversely on the lawyer's honesty,

5) trustworthiness or fitness as a lawyer in other respects; engaged in conduct

6) involving dishonesty, fraud, deceit or misrepresentation; engage in conduct that is

7) prejudicial to the administration of justice; state or imply an ability to influence

8) improperly a government agency or official or to achieve results by means that

9) violate the Rules of Professional Conduct or other law; or knowingly assist a judge

10) or judicial officer in conduct that is a violation of applicable Code of Judicial

11) Conduct or other law. File a notice of change of judge under Rule 10.2, Arizona

12) Rules of Criminal Procedure, for an improper purpose, such as obtaining a trial

13) delay or other circumstances enumerated in Rule 10.2(b).

14) B.) Finding summary judgment not warranted- Because plaintiff specifically

15) claimed instances of wrongful conduct, consisting of evidence that the investigator

16) lied, was intoxicated while performing the investigation, and that other officers

17) gave three contradictory versions of events

18) The absence of probable cause is an essential element of a claim for malicious

19) prosecution. See Colon v. City of New York, 60 N.Y.2d 78, 82, 468 N.Y.S.2d

453,

20) 455 (a.) **Duty to Disclose; Disclosure Categories within the times set forth in**

21) **Rule26.1(b.) or in a Scheduling Order or Case Management Order, each**

22) **party must disclose in writing and serve on all other parties a disclosure**

23) **statement setting forth:(a.) the factual basis of each of the disclosing party's**

24) **claims or defenses; (b.) the legal theory on which each of the disclosing**

25) **party's claims or defenses is based, including--if necessary for a reasonable**

26) **understanding of the claim or defense--citations to relevant legal authorities;**

27) **(c.) name, address, and phone number of each witness whom the disclosing**

28) **party expects to call at trial, and a description of the substance and not**

1) **merely the subject matter of the testimony sufficient to fairly inform the other**

2) **parties of each witness' expected testimony;**

3) (d.) the name and address of each person whom the disclosing party believes may

4) have knowledge or information relevant to the subject matter of the action, and a

5) fair description of the nature of the knowledge or information each such person is

6) believed to possess;

7) (e.) the name and address of each person who has given a statement--as defined in

8) Rule 26(b)(3)(C)(i) and (ii)--relevant to the subject matter of the action, and the

9) custodian of each of those statements;

10) (f.) the anticipated subject areas of expert testimony;

11)(g.) a computation and measure of each category of damages alleged by the
12)disclosing party, the documents and testimony on which such computation and
13)measure are based, and the name, address, and telephone number of each witness
14)whom the disclosing party expects to call at trial to testify on damages;
15)(h.) the existence, location, custodian, and a general description of any tangible
16) evidence, documents, or electronically stored information that the disclosing party
17)plans to use at trial, including any material to be used for impeachment;

1)  (i.) the existence, location, custodian, and a general description of any tangible
2)  evidence, documents, or electronically stored information that may be relevant to
3)  the subject matter of the action;
4)  TXO Production Corp. v. Alliance Resources Corp. 509 U.S. 443 (1993)
5)  Upholding a $10 million punitive damages award in an action for slander of title
6)  because the appellant's scheme was "part of a larger pattern of fraud, trickery and
7)   deceit" Upholding a $10 million punitive damages award in an action for slander
8)  of title because the appellant's scheme was "part of a larger pattern of fraud,
9)  trickery and deceit" The following elements constitute the intentional tort of abuse
10)of process. The malicious and deliberate misuse or of regularly issued civil or
11)criminal court process that is not justified by the underlying legal action.The
12)abuser of process is interested only in accomplishing some improper purpose
13)similar to the proper object of the process.

**Your Honor,** this has been a serious breach of trust, contracts, ethics, and
conduct by the Plaintiff and Counsel. It has contributed to a diminish belief that the truth
will always win, and the pillars on which this country was built has had a small piece
eroded. There is no apology that smooths over the damage Uber and Counsel has done.
Counsel for Uber has sacrificed their loyalty to seek the truth through diligence, for
manufactured entitlements through fear and dishonesty. Incoherent, meritless, frivolous,
extortion, and many ways to describe the Plaintiff and his wife. How does an attorney
have the power to interfere with Service of Process? How does a party have an unfair
advantage to receive complaints and filings before Joe and Jane Public? As a Pro Se
Litigant, I have not nor do I expect any treatment that would be viewed as unequal
treatment in the eyes of those from the outside looking in. Judge Abramson, in fact,
stated, "I needed to be ready just as Uber's counsel should be." So I do expect those
involved in the legal system and those who say they are seeking justice to maintain

ethics. That has been hard to come by. The facts of each claim filed by the Plaintiff are true with a personal understanding of what we say, does have consequences. We laid out facts from Mrs. Rosemary Barajas and the AAA to litigation, transactions, and unethical conduct by Counsel and Uber. We pray that you find this despicable behavior egregious and find in favor of the Defendant. Wohlgemuth v. Caterpillar Inc. 207 Cal. App. 4th 1252 (Cal. Ct. App. 2012). Holding that "consumers who successfully achieve the goals of their litigation through a compromise agreement,"recover attorneys fees and costs as prevailing parties under the Song Beverly Act. Plaintiff also ask for an injunction to be set in place against Uber for Transacting in the State of Arizona without Foreign Qualification, the use of the name Uber Technologies Inc. as Mr. Cooper has it reserved, and to also protect Defendant's addresses, place of business, and electronic devices. Your Honor, I was uncomfortable stating any monetary damages that the Plaintiffs may try to use against me in order not to pay. I do believe they need to pay stiff punitive damages, but they are a multi-multi billion dollar entity and I have no concept of that amount of money or how to punish a company that has that kind of wealth. I will tell you this has been going on since 2014, and every step of the way Uber has misrepresented the facts.



We pray you find in the Defendants favor and in the name of Justice.

_Brian Cooper/Tiffany Swanson-Cooper  05/10/19_