**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Uber USA LLC, | No. CV-19-04955-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Brian Cooper, et al., | |
| Defendants. | |

Plaintiff has filed a motion to remand (Doc. 8) and a motion to stay further proceedings pending remand (Doc. 17).[1] The motion to remand is fully briefed (Docs. 14, 15) and oral argument has not been requested. The Court will grant the motion and remand this action to state court. The motion to stay will be denied as moot.[2]

**I.     Removal and Remand Standards.**

Any civil action over which the federal district courts have jurisdiction may be removed from state court to the federal court for the district where the action is pending. 28 U.S.C. § 1441(a). Courts strictly construe the statute against removal jurisdiction. *See Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002); *Gaus v. Miles, Inc.*, 980

---

[1] Plaintiff also seeks attorneys' fees pursuant to 28 U.S.C. § 1447(c). In its discretion, the Court will deny Plaintiff's request. *See Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 447 (9th Cir. 1992) ("An award of attorney's fees pursuant to section 1447(c) . . . is within the discretion of the district court[.]").

[2] Defendants have filed a counterclaim (Doc. 10) and a motion for summary judgment (Doc. 11). Because the Court finds that it lacks subject matter jurisdiction, it will not address these issues.

F.2d 564, 566 (9th Cir. 1992). Indeed, there is a "strong presumption" against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. This strong presumption "means that the defendant always has the burden of establishing that removal is proper." *Id.* "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

**II. Discussion.**

On July 8, 2019, Plaintiffs filed an action in state court seeking to declare Defendants vexatious litigants. Doc. 1-1 at 3. Plaintiffs personally served Defendants the same day. Doc. 8 at 2. Defendants filed their notice of removal on August 13, 2019. Doc. 1. Because Defendants' notice was filed more than 30 days after service, it is untimely, and the Court will accordingly grant Plaintiff's motion to remand. *See* 28 U.S.C. § 1446(b); *see also Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007) (where a notice of removal "is filed after [the] [30]-day window, it is untimely and remand to state court is therefore appropriate.").[3]

Even if the notice of removal had been timely filed, the Court lacks subject matter jurisdiction to hear this case. Diversity jurisdiction has two requirements: (1) complete diversity of citizenship between the parties, and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). While there appears to be complete diversity between the parties (Doc. 8 at 1), it is not evident that the amount in controversy has been met. Uber is not seeking monetary relief, but rather an administrative order declaring Defendants vexatious litigants. Doc. 8 at 4. As Plaintiff notes, Defendants allege no value to such an order. *Id.* It is also not evident how the underlying dispute between the parties – claims that Defendants were overcharged $7.70 for an Uber ride – can plausibly give rise to an amount in controversy over the $75,000 jurisdictional threshold. Because Defendants have not established the requisite amount in controversy, diversity jurisdiction

---

[3] Defendants assert that they were served on July 16, 2019 (Doc. 14 at 6), but present no evidence to support this assertion. The certificate of service filed with state court shows that service was effected on July 8, 2019. *Id.* at 65.

does not exist.[4]

Nor can Defendants establish federal question jurisdiction. Federal question jurisdiction arises from cases in which a plaintiff's well-pleaded complaint establishes a cause of action either arising out of federal law or where Plaintiff's state law claim depends on a substantial question of federal law. *See* 28 U.S.C. § 1331; *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold and Easement*, 524 F.3d 1090, 1102 (9th Cir. 2008) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312, 313) ("the state claim must 'turn on substantial questions of federal law,' and 'really and substantially involv[e] a dispute or controversy respecting the validity, construction or effect of [federal] law.'"). Plaintiff contends that this case must be remanded because the underlying action is a stand-alone application filed pursuant to a Maricopa County Superior Court Administrative Order, with no federal law issues. Doc. 8 at 5. In response, Defendants vaguely contend that Plaintiff "violated federal and state privacy laws, the electronic funds transfer Act, the financial modernization Act of 1999, Gramm-Leach-Bliley Act Financial Privacy Act . . . Section 5, or the FTC Act, FCPA[.]" Doc. 14 at 8. But Plaintiff's state court petition, which is the controlling document for purposes of federal question jurisdiction, asserts none of these federal issues, and Defendants' counterclaim cannot form the basis for removal. *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002). The Court accordingly finds no basis for federal question jurisdiction.

**IT IS ORDERED**:

1. Plaintiff's motion to remand (Doc. 8) is **granted**.
2. Plaintiff's motion to stay further proceedings pending remand (Doc. 17) is **denied** as moot.
3. Plaintiff's request for attorneys' fees is **denied**.

---

[4] Even if the threshold requirements for diversity jurisdiction were met, Defendants may not remove an action on diversity grounds because they are domiciled in Arizona. *See* 28 U.S.C. § 1441(b) (removal based on diversity is proper "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought").

4. The Clerk is directed to remand this case to state court.

Dated this 26th day of September, 2019.

*David G. Campbell*
David G. Campbell
Senior United States District Judge